## E. N. MORRILL, et al., v. J. C. DOUGLASS.

1. TAX-DEED; *Tax Sales, when Illegal.* Under the law of 1862 the county could not, while holding a legal certificate issued to it upon a valid tax sale, become again the purchaser of the same tract at a sale for taxes levied subsequent to the first purchase; and a deed, *prima facie* valid, would be invalidated by proof that it was based upon such second purchase by the county.

2. ———— *Void Sale—Second Sale.* If such prior sale and certificate were for any reason void, the mere fact that a form of sale had been gone through with, and a formal certificate issued, would not prevent the county from subsequently acquiring and transferring a valid sale-certificate for the taxes of a succeeding year.

3. ———— *Sales for Taxes of 1860.* Under the law of 1860 a sale made January 1st 1862, for the taxes of 1860, was *prima facie* valid.

*Error from Jackson District Court.*

ACTION by *E. N. Morrill* and *W. W. Guthrie* to quiet their title to the southeast quarter of sec. 24, township 6, range 14, containing 160 acres of land in Jackson county. An action between the same parties, concerning other lands in the same county, is reported in 14 Kas. 293. The pleadings and proceedings in this action are almost identical with the pleadings and proceedings in that; (see 14 Kas., pp. 295 to 297.) Trial at the April Term 1874. Plaintiffs showed a regular title from the government patent down to themselves, and that the land was vacant. Plaintiffs then produced the records of three tax-deeds covering said land, all issued to defendant *Douglass* as assignee of Jackson county, which deeds plaintiffs asked might be adjudged and decreed to be null and void as clouds upon their title, to-wit: one tax-deed dated 8th Sept. 1868, reciting a sale made 1st January 1862, for taxes of 1860; another tax-deed dated 8th Sept. 1868, reciting a sale made 3d May 1865, for taxes of 1864; and a tax-deed dated 30th January 1872, reciting a sale made 7th May 1863, for the taxes of 1862. The plaintiffs also called the county clerk, who produced the records of his office showing that the lands in controversy were assessed for taxation in 1860,

and in every year since; that on the 1st of January 1862 said lands were sold to the county for the taxes of 1860, and that the county owned and held the sale-certificate issued on such sale until the 11th of May 1868, when it was assigned to defendant *Douglass.* The district court held and decided that the two deeds first described were void on their face; but said tax-deed dated 30th January 1872 was held to be valid, and to vest in defendant *Douglass* the paramount title to said lands. Decree accordingly, and for defendant for costs, and plaintiffs bring the case here for review.

*W. W. Guthrie,* and *John S. Hopkins,* for plaintiffs.

*John C. Douglass,* defendant, for himself.

The opinion of the court was delivered by

BREWER, J.: This is a tax-title case involving the same questions as those presented in the case between the same parties heretofore decided by this court. (*Morrill v. Douglass,* 14 Kas. 293.) A motion for reargument was presented in that case, and heard at the same time with this. That motion has been overruled, and it is unnecessary to say more than that the reargument has not succeeded in altering our views as then expressed.* It was a singular omission that the learned counsel never, in his brief, nor in his elaborate and extended argument, once alluded to that peculiar section of our statute by which the legislature has announced its will concerning tax titles. That section was first enacted in 1862, and as amended in 1868 now reads:

"No irregularity in the assessment-roll, nor omission from the same, nor mere irregularities of any kind in any of the proceedings, shall invalidate any such proceeding, or the title conveyed by the tax-deed; nor shall any failure of any officer or officers to perform the duties assigned him or them, upon the day specified, work an invalidation of any such proceedings, or of said deed." Gen. Stat., p. 1057, § 113.

[*No OPINION was filed on the overruling of the motion for rehearing. The case as originally decided in this court, is reported in 14 Kas. 293.—REPORTER.]

This disposes of a vast multitude of questions which the ingenuity of counsel, here and elsewhere, have raised concerning tax titles. A mere irregularity counts for nothing as against a tax-deed in Kansas.

One question is presented in this case which did not exist in that, and requires separate notice. The tax-deed held good was upon a sale in 1863 for the taxes of 1862. At the time of this sale the county held a certificate on a sale made January 1st 1862, for the taxes of 1860; and the law then in force (Comp. Laws, p. 868, § 48,) provided, that "no lands or town lots, so bid off for the county, shall be sold for any taxes levied subsequent to such bid, until it shall have been redeemed, or shall be sold by the county, or the tax certificate issued to the county shall have been assigned." To obviate this, counsel reply, that the statute attempting to authorize a sale on January 1st 1862 for the taxes of 1860 was unconstitutional and void, and therefore that the sale and certificate were equally invalid. The act to which he refers is ch. 84 of the laws of 1861, and the objection to it is, that though plainly a general law it is not made of uniform operation throughout the state, but is specifically limited to certain portions and counties. *Darling v. Rodgers*, 7 Kas., 592. We concede the claim, that if the sale and certificate were void in the hands of the county, there was no restriction on its purchasing in 1863; and that if the sale was made at a time not authorized by law, the sale, and certificate reciting such a sale, were both void. But whether the statute cited be unconstitutional or not, we do not decide, for under a peculiar section of the law of 1860 we have already decided that a sale might under some circumstances be made upon a day other than the regular sale-days, and that therefore a deed reciting such a sale was *prima facie* valid. *Patterson v. Carruth*, 13 Kas. 494. Of course, the certificate would be equally *prima facie* valid. There is nothing in the record to overthrow this *prima facie* evidence, and therefore the judgment will have to be reversed, and the case remanded for a new trial.

We understand the. same question exists in the succeeding case of *Guthrie v. Douglass*, and the same judgment will be entered in that case.

KINGMAN, C. J., concurring.