## J. P. HEIL v. J. W. REDDEN.

1. DEED, *When Not Competent Evidence.*   Where a deed purports to be signed by Geo. H. Case, and in the acknowledgment thereof the notary certifies that Geo. H. Crane was known to him to be the signer and sealer of such deed, such an instrument is not competent evidence, without further proof, as a conveyance of Geo. H. Case.

2. ———— *Valid Tax Deed.*   A tax deed is valid upon its face, when its only irregularity is the omission of the word "remaining," where it should be stated that the land is offered for sale for the payment of the taxes, interest and costs then due and [remaining] unpaid.

3. ———— *Voidable Tax Sale.*   Where a tract of land is assessed as an entirety, the sale of a portion of the land for a part of the tax is voidable.

*Error from Shawnee Superior Court.*

EJECTMENT, by *Redden* against *Heil.*   Judgment for plaintiff, at the October Term, 1885.   The defendant brings the case here.   The opinion states the facts.

*G. N. Elliott*, and *H. C. Root*, for plaintiff in error.

*H. H. Harris*, for defendant in error.

Opinion by HOLT, C.: This action was brought in the Shawnee district court by defendant in error as plaintiff, to recover possession of the northeast quarter of section 11, township 13, and range 16 east, in Shawnee county. It was transferred to the superior court of that county, and upon the second hearing was tried by a jury; upon their verdict a judgment was rendered, awarding the west one-half of said quarter-section to the defendant, and the east one-half to the plaintiff. The defendant, complaining of the judgment awarding the east one-half to the plaintiff, brings the case here for review.

The plaintiff claimed title from the government, and introduced in evidence a patent from the United States to Geo. H. Case. He then introduced, over the objection of the defendant, a record of a deed from Geo. H. Case to Benjamin Hoyt. The name of Geo. H. Case appears in the body of the deed and as the signer of the same, but in the acknowledgment of the said deed it is written, "Personally came before me Geo. H. Crane, who is known to me to be the signer and sealer of the foregoing deed," etc. The defendant claims that there was not sufficient proof of the execution of the deed from Case to Hoyt, contending that the names Geo. H. Case and Geo. H. Crane are unlike in spelling and pronunciation, which is obviously true; and that it is shown by the acknowledgment that Geo. H. Crane signed and sealed the deed. If this is a defect merely, then it would have been cured by § 28, ch. 22, Comp. Laws of 1879, which provides that all records of instruments in writing, copied into the proper books of the office of the register of deeds prior to October 31, 1868, shall be competent evidence, notwithstanding any defects existing in the acknowledgment or execution of the same. The court is of the opinion that such record was not competent evidence to establish a conveyance from Geo. H. Case to Hoyt; that it was more than a mere defect when it was stated in the acknowledg-

ment that Geo. H. Crane was the signer of the deed. The instrument is faulty, and does not come within the provision of said § 28, and was not therefore competent evidence to establish that Geo. H. Case executed the same. The court is of the opinion that the introduction of the record was material error.

As the action will be re-tried, and the chain of title from the United States to plaintiff will probably be established, we feel called upon to examine the other questions submitted to us. The southeast quarter of the land in dispute was sold for taxes of 1871, and the tax deed executed on the 27th of May, 1875. It had been recorded more than five years before the commencement of this action, and if it is valid on its face, the statute of limitation has run in its favor. It is contended that it is not valid, because it does not recite in one place in the deed that the taxes, interest and costs were then due and [remaining] unpaid. The word "remaining" is omitted. Our statute provides that the taxes must remain unpaid at the date of sale, or the sale will be void. In the tax deed named it is recited, "that whereas, the taxes assessed on said land for the year 1871 remained due and unpaid at the date of the sale hereinafter mentioned;" and also again it is recited therein "that the purchaser having offered to pay the whole amount of the taxes, interest and costs then due and remaining unpaid," etc., said property was stricken off to him. The particular recital in the deed where the word "remaining" was omitted, was in relation to the offering the said land for the payment of the taxes, interest and costs then due and unpaid. We do not feel inclined to attempt to discover a distinction between taxes, etc., then due and unpaid at the time of offering for sale, and the taxes then remaining due and unpaid, while at the same time the other recitals in the deed are full and complete; at most, it was but an irregularity that certainly ought not to be regarded as a defect that could be raised after the five years contemplated by the statute have passed.

The defendant claimed title to the northeast quarter of the land in dispute, under a tax deed for the taxes for the year 1877, executed September 10, 1881. The statute of limita-

17 — 38 KAS.

tion did not run in favor of this deed. (*Keith v. Keith*, 26 Kas. 27.) In 1877 the entire quarter-section of land was assessed as one tract. Some party paid $7.90, one-half of the taxes assessed against it, taking a receipt for the taxes upon the west one-half; then some one else paid one-half of the taxes remaining unpaid, $3.95, being one-quarter of the whole amount, and took a tax receipt for the southeast quarter. Afterward the northeast quarter of the land was sold for taxes. We think the tax deed based upon such a sale is voidable. The case of *Kregelo v. Flint*, 25 Kas. 695, is decisive. Mr. Justice BREWER, in the opinion of the court, says:

"A tract of eighty acres was assessed as an entirety. The treasurer sold one half in amount for one-half the tax. We held in *Shaw v. Kirkwood*, 24 Kas. 476, that such a sale is irregular and voidable. The treasurer is not an assessing officer, and cannot apportion values by amounts. Counsel seeks to avoid that decision by testimony that the treasurer correctly apportioned; that one-half in amount was really one-half in value. We do not think such inquiry permissible. The treasurer is not the assessing officer. Until the legislature makes provision for such a contingency, the treasurer has no authority to receive a portion of the tax on a single tract of land as a payment of the tax on a part of the land, and sell the remainder of the land for the balance of the tax. Such a sale is voidable, and the treasurer cannot uphold the action upon testimony that he apportioned values and amounts correctly."

We recommend that the judgment of the court below be reversed.

By the Court: It is so ordered.

All the Justices concurring.