HATTIE R. DOUGLASS v. H. P. BISHOP *et al.*

TAX DEED — *Acknowledgment* — *Presumption.* Where a tax deed, issued by the county clerk of Jackson county, in this state, is acknowledged before a justice of the peace, and the caption or venue to the certificate of acknowledgment is: "State of Kansas, Jackson County, ss.," it will be presumed, in the absence of any evidence to the contrary, that such acknowledgment was actually taken by a justice of the peace of Jackson county, within this state, and in the township where the justice of the peace resides and holds his office.

*Error from Jackson District Court.*

ACTION to quiet title. Judgment for plaintiff *Bishop* at the November term, 1887. The defendant *Douglass* brings the case here. The facts appear in the opinion.

*John C. Douglass,* for plaintiff in error.

*W. S. Hoaglin,* for defendant in error Bishop.

The opinion of the court was delivered by

HORTON, C. J.: This was an action by H. P. Bishop against Hattie R. Douglass and John A. Bolz, to quiet his title to a quarter-section of land in Jackson county. The case turns on the question of the validity of the tax deed to Bishop. The certificate of acknowledgment to the tax deed is alleged to be fatally defective. The acknowledgment is as follows:

"THE STATE OF KANSAS, COUNTY OF JACKSON, ss.: I hereby certify that before me, W. S. Hoaglin, justice of the peace, personally appeared the above-named E. D. Rose, clerk of said county, personally known to me to be the clerk of said county at the time of the execution of the above conveyance, and to be the identical person whose name is affixed to and who executed the above conveyance, as clerk of said county, and who acknowledged the execution of the same to be his voluntary act and deed, as clerk of said county, for the purposes therein expressed.

"Witness my hand this 6th day of May, A. D. 1872.

W. S. HOAGLIN, *Justice of the Peace.*"

Paragraph 6991, Gen. Stat. of 1889, prescribes the general form of a tax deed, and to this form is annexed the form of a certificate of acknowledgment. That reads:

"THE STATE OF KANSAS, ———— COUNTY, ss.: I hereby certify that before me, ———— a ———— in and for said county, personally appeared the above-named C. D., clerk of said county, personally known to me to be the clerk of said county at the date of the execution of the above conveyance, and to be the identical person whose name is affixed to and who executed the above conveyance, as clerk of said county, and who acknowledged the execution of the same to be his voluntary act and deed, as clerk of said county, for the purpose therein expressed.

"Witness my hand (and official seal), this —— day of ———— A. D. —."

It has already been decided that —

"A tax deed that is substantially in the form prescribed by

the statute is valid on its face, although immaterial words of the statutory form are omitted, if everything of substance required by the statute as to form is found in the deed, when all of the recitations of the deed are taken together and so considered." (*Mack v. Price,* 35 Kas. 136.)

In the certificate of acknowledgment to the tax deed, under which H. P. Bishop claims, the words "in and for said county" were omitted. The question presented is, whether this omission renders the deed invalid. We think not. The caption shows that the acknowledgment was taken in Jackson county, and in this state, and the certificate also shows that the tax deed was signed by E. D. Rose, the county clerk of Jackson county, in this state, and that as such clerk he appeared before W. S. Hoaglin, a justice of the peace, in Jackson county and the state of Kansas, and acknowledged the execution of the tax deed, as clerk of Jackson county, in this state, for the purpose therein expressed. We think that, even in the absence of the words "in and for said county," the presumption is that W. S. Hoaglin exercised his functions as a justice of the peace within his jurisdiction, that is, within his township, in the county of Jackson and state of Kansas.

*Tax deed, valid.*

In *Bradley v. West,* 60 Mo. 33, Wagner, J., in delivering the opinion of the court, said:

"An objection was raised to the introduction of one of plaintiff's deeds in evidence, on the ground that it was not acknowledged in conformity with the law of the state of New York, where the acknowledgment was taken, or in accordance with the provisions of the statute of this state. The acknowledgment was taken before a justice of the peace in Delaware county, and is in all things in due form, except that the certificate does not state that he took it in the town for which he was officially acting, the law giving justices of the peace power to take acknowledgments in the town in which they resided. But we think the objection is not tenable. Where a conveyance is acknowledged before an officer authorized to take such acknowledgment, within the limits of his jurisdiction, it will be presumed that such acknowledgment was actually taken within such limits."

In *Sidwell v. Birney*, 69 Mo. 144, it is stated that—

"The objection to the acknowledgment is, that it does not appear to have been taken before an officer known to the laws of this state; and that it does not appear of what county the officer making the certificate was circuit clerk. 'Circuit clerk' is the title by which the clerk of the circuit court is ordinarily designated both by lawyers and laymen, and while, as an official designation, it is not rigorously exact, yet being in common use and reasonably certain, we are of opinion that it sufficiently identifies the officer taking the acknowledgment as the clerk of the circuit court. We are also of opinion that it sufficiently appears from the face of the certificate that the person taking the certificate was circuit clerk of Schuyler county. The venue of the certificate is 'State of Missouri, Schuyler county.' This shows that the certificate was granted in Schuyler county, and the presumption is that the officer exercised his functions within his jurisdiction."

In *Carpenter v. Dexter*, 8 Wall. 513, it is decided that—

"It will be presumed that a commissioner of deeds in New York, whose authority to act is limited only to his county, exercised his office within the territorial limits for which he was appointed, although the only venue given to his certificate of acknowledgment be 'state of New York.'"

Mr. Justice Field, in delivering the opinion in that case, among other things, said:

"Now, the certificate of proof produced in this case shows a substantial conformity with the law of New York of 1813 on the subject, which was in force when the certificate was made. The venue to it is simply 'state of New York,' and it is objected that the certificate has no assignable locality, and is, therefore, fatally defective. In support of this position, the case of *Vance v. Schuyler* is cited. In that case, the supreme court of Illinois held a certificate insufficient to authorize the admission of a deed without proof of its execution, because the only means of determining where it was acknowledged was the venue '*Lincoln v. Wiscassett.*' This is a different case from the one at bar. The words 'state of New York' present some definite locality, at least, while there can be none to the words '*Lincoln v. Wiscassett.*' The commissioner of deeds in New York had authority to act only in his county, and it will be presumed, although the state be named, that

the officer exercised his office within the territorial limits for which he was appointed. . . . As already stated, courts will uphold a certificate if possible, and for that purpose will resort to the instrument to which it is attached. Thus, in *Brooks v. Chaplin,* the certificate of acknowledgment did not show in what state the acknowledgment was taken, and the omission was supplied by reference to the deed, in which the grantor described himself as a 'resident of Suffield, in the county of Hartford, and state of Connecticut.' The acknowledgment was taken two days after the date of the deed, having as its venue simply 'Hartford county,' and the court said that it was a fair presumption, in the absence of evidence to the contrary, that the deed was executed at the time it bore date, and at the place of the grantor's residence, and that, finding the acknowledgment taken so soon afterward in the county of Hartford, it could intend no other than the same county of Hartford where the deed was supposed to have been executed."

Against the certificate of acknowledgment, it is urged that no presumption can be indulged in. If this were true, then the certificate must not only embrace the omitted words, but must also recite in what particular township of Jackson county the acknowledgment was taken. (*Phillips v. Thralls,* 26 Kas. 780; *Wilcox v. Johnson,* 34 id. 655; *Railroad Co. v. Rice,* 36 id. 593.)

It is not the practice for an acknowledgment taken before a justice of the peace to state that it was taken in the township where the justice holds his office. If the statute had been literally followed in this case, it would be necessary to presume that the acknowledgment was actually taken within the limits of the jurisdiction of the justice of the peace — that is, within his own township. So it seems that some presumption must be allowed.

Among the many cases cited to sustain the views of the plaintiff in error are *Willard v. Cramer,* 36 Iowa, 22, and *Smith v. Garden,* 28 Wis. 685. These are the strongest cases referred to. In the Iowa case, it does not appear that the certificate of acknowledgment had any venue or caption. It wholly failed to show the county of the notary public making the

certificate; therefore, that case is unlike this, because it did not show that it was taken within the jurisdiction of the officer, and, therefore, it could not be presumed that the officer took the acknowledgment in Marshall county, or in any other county for which he was a notary public. In the Wisconsin case, the judge taking the acknowledgment failed to recite that the grantors of the deed "were known to him, or not being known to him, that their identity was satisfactorily proved." In that case, the statute was not substantially complied with, and differs from this, because we cannot presume that the grantors in the deed were known to the officer taking the acknowledgment.

The judgment of the district court will be affirmed.

All the Justices concurring.