JOHN C. DOUGLASS v. PEARSON CARMEAN et al.

TAX DEED — *Acknowledgment* — *Presumption.* Where a tax deed, issued by the county clerk of Jackson county, in this state, is acknowledged before a justice of the peace, and the caption or venue to the certificate of acknowledgment is, "State of Kansas, Jackson county — ss.," it will be presumed, in the absence of any evidence to the contrary, that such acknowledgment was actually taken by a justice of the peace of Jackson county, within this state, and in the township where the justice of the peace resides and holds his office.

*Error from Jackson District Court.*

ACTION by *Pearson Carmean*, Charles Broderick, Case Broderick, Mary D. Smith, John Q. Myers and Emmet Rafter against *John C. Douglass*, to quiet title to certain land. Judgment for plaintiffs, at the June term, 1889. Defendant brings error.

*John C. Douglass,* plaintiff in error for himself:

The chief defect in the form of the deed is in the certificate of acknowledgment. Under our statute, the certificate of acknowledgment is part of the deed, and in fact the most important part, as it is the evidence part of it. Such deed conveys the absolute title; such deed is *prima facie* evidence. See said section 112, giving the form. Such deed starts the statute of limitations to running. Both the form and the law of conveyances which it follows make the statement in the certificate of the title of the officer an essential statement. 13 Ohio, 260, 268; 2 id. 55; 3 id. 155, 156; 20 Ohio St. 119; 11 Conn. 129; 7 id. 527; 11 Serg. & R. 347; 2 Kent's Comm. 150; 12 Pet. 345; 4 Mich. 568; 14 Pac. Rep. 479; 4 id. 377; 2 id. 874; Martindale, Law of Convey., p. 210, §§ 248, 249.

The title of the officer should be recited. 14 Pac. Rep. 479; 13 id. 211; 12 id. 931; 11 id. 151; 8 id. 214; 10 id. 14; 2 id. 874; 1 id. 275; 28 N. W. Rep. 433, 434; 21 id. 111; 6 Iowa, 475, 478; 36 id. 22; 24 Mich. 145, 152; 18 id. 82; 37 id. 426; 36 id. 222; 28 id. 218; 16 id. 135, 34; 1 Gilm. 160.

Decisions of courts made under statutes not making the acknowledgment of a deed, or the certificate thereof, a necessary part of the deed, are not in point in this case. In tax deeds in Kansas both are essential. Blackwell on Tax Titles, 438, ¶ 7; id., pp. 91 to 112; 1 Gilm. 167; 2 id. 271; 6 Watts, 269; 8 Eng. 242.

Tax deeds in Kansas are treated with greater strictness than sheriff's deeds. *Pritchard v. Madren,* 31 Kas. 38. This provision of the law should be strictly construed. Potter's Dwarris, p. 224, 225, note; 5 Mich. 153; 3 N. W. Rep. 198; 6 Bac. Abr. 377; 6 Mass. 307; Plow. 206.

Compare the very instructive cases, *Edward v. Flannigan,* 104 U. S., p. 562; same case, 26 L. C. P. Co. 842; *Elliot v. Piersol,* 1 Pet. 326; same case, 7 L. C. P. Co. 164; and no presumption will be permitted to supply any defects in certi-

ficate. *Bell v. Morrison,* 1 Pet. 351; same case, 7 L. C. P. Co. 174. The seal of the notary must be affixed. 35 Kas. 46, 49; 10 Iowa, 305; 49 Ala. 242; 12 Ill. 162.

In the absence of express statutes to the contrary, the powers of an officer are limited to the territory of which he is an officer. 23 Kas. 32, 35, 36; 25 id. 260; 26 id. 780; 30 id. 755.

We submit the following among the numerous decisions of this court showing the strictness required in construing the law as to tax deeds, notwithstanding said §113 of the tax law, as to irregularities: 35 Kas. 46, 382; 31 id. 38, 87; 36 id. 252, 191; 34 id. 213; 37 id. 156; 25 id. 522; 38 id. 255. Compare 4 Mich. 565, 567, 568; 2 Kent 150; 8 Cow. 277; 12 Pet. 345; 1 Me. 380; 1 Hill, 121; 49 Mo. 178, 302, 307; Cooley, Taxation, 353; 32 N. W. 459; 64 Iowa, 621; 18 Mich. 218; 21 N. W. 111; 36 Iowa, 22; 41 Mich. 708; 28 N. W. 433; 9 Ohio St. 599; 28 Wis. 685; 10 L. C. P. Co. 38; 13 Pet. 17; 61 Ala. 263; 2 L. C. P. Co. 101, note; 6 Har. & J. 141; 1 McLean, 525; 41 N. Y. 397; 18 L. C. P. Co. 653, 657; 6 Ill. 160; 1 Pet. 351; 49 Ill. 153; 96 Pa. St. 427; 60 Ill. 93; 56 Cal. 527, 522; 41 Ill. 149; 69 Mo. 144; 47 Ill. 514; 68 id. 426.

That a justice of the peace cannot act outside of his county, we refer to *Beamer v. Winter,* 41 Kas. 297, 596; 39 id. 365.

Even if the tax deed of Bishop was valid on its face, the defendant Hattie R. Douglass should have been permitted, as a matter of defense, to show by evidence *aliunde* the deed that it was void. *Boh v. Walker,* 32 Kas. 354.

*James H. Lowell, Rafter & Robinson,* and *Hayden & Hayden,* for defendant in error Case Broderick:

The only attempted compliance on the part of plaintiff in error with rule 6 of this court is the service on defendant Broderick of a copy of plaintiff's brief filed in *Douglass v. Bishop,* 45 Kas. 200, which plaintiff states is submitted *mutatis mutandis.* As the only point presented by the record

in this case which was ever worthy of consideration was correctly decided against plaintiff in *Douglass v. Bishop*, supra, we submit that, for the reasons therein stated, the judgment of the court below should be affirmed.

*Per Curiam:* The proposition decided in the case of *Douglass v. Bishop*, 45 Kas. 200, is identical with the question involved in this case. For the reasons given in that case, the judgment of the district court is affirmed in this case.