JOHN B. THOMPSON v. EFFIE COLBURN.

**No. 13,510.** ( 75 Pac. 508.)

Error from Woodson district court; L. STILLWELL, judge. Opinion filed February 6, 1904. Affirmed.

*L. W. Galbraith*, and *S. C. Holmes*, for plaintiff in error.

*A. J. Jones*, and *Chauncey M. Miller*, for defendant in error.

*Per Curiam:* This proceeding involves the validity of the title to real estate asserted under tax deeds which have been recorded more than five years and which have been upheld by a prior judgment. It is contended by plaintiffs in error that the deeds are so defective upon their face that they are not sufficient to set the statute of limitations in operation, and that the former judgment is void.

68    819
Case 2
72    575

68    819
Case 2
76    777

Among the matters relied upon as making the deeds void are the following: The deeds recite the payment by the holder of the certificates on which they are based of the subsequent taxes for three successive years; and show the aggregate amount paid but do not show the amount paid for each year; the amount recited in the deeds as the consideration, preceding the words "taxes, costs and interest due on said land for the years," etc., is the sum of the face of the amounts paid to the county treasurer, without the addition of interest; the words "an adjourned sale of," included in the statutory form of a tax deed, with the obvious purpose that they should not be used except when appropriate, were retained. None of these defects is sufficient to prevent the statute from running in favor of the deeds. (*Morrill v. Douglass,* 14 Kan. 293, 301; *Harris v. Curran,* 32 id. 580, 4 Pac. 1044; *Martin v. Garrett,* 49 id. 131, 140, 30 Pac. 168.)

A further claim is based upon the supposition that the word "not" was omitted from the recitals of the deeds relative to redemption not having been made. The word, however, appears in the record. It is true that it is interlined in pencil, but so are other obv_. as clerical errors. No attack has been made upon the truth of the record thus corrected. The deeds being good upon their face, and having been of record five years without an attack having been made upon them, it is unnecessary to consider the questions presented regarding the former judgment upholding them.

The judgment is affirmed.