W. B. HAM V. HENRY BOOTH *et al.*

No. 14,356.   (83 Pac. 24.)

SYLLABUS BY THE COURT.

1. .TAX DEEDS—*Certificate of Sale—Recital of Assignee's Resi-dence.* A tax deed is not void for failing to give the residence of the assignee of the certificate of sale, where such assignee is a foreign corporation and the recital states that it is a corporation organized and existing under the laws of a designated state.

2. ———— *Description of the Land Not Indefinite.* In the be-ginning of the tax deed the tract of land was accurately de-scribed, and there was a recital that as it could not be sold for the taxes charged against it the county treasurer bid it off for the county. In subsequent recitals as to assignment of the certificate of sale and of the conveyance the first de-scription was referred to in plain terms, without redescribing the land. *Held,* that. the deed is not void for failing to re-peat the description, or for indefiniteness of description of the land conveyed.

3. ———— *Statutory Form—Substantial Compliance.* A sub-stantial compliance with the form prescribed by statute for the execution of tax deeds is sufficient.

Error from Rooks district court; CHARLES W. SMITH, judge. Opinion filed December 9, 1905. Af-firmed.

*W. B. Ham,* for plaintiff in error.

*Peters & Bowersock,* and *O. O. Osborn,* for defend-ants in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action involves the title to a quarter-section of land in Rooks county. W. B. Ham claimed it under a ·regular chain of conveyances from the United States down to himself, and Henry Booth asserted title under a tax deed to James F. Houlihan, and a transfer from Houlihan to himself. There is no dispute as to the validity of any of the conveyances on either side, except the Houlihan tax deed, and the case turns upon whether that instrument is void upon its

face. The district court held it to be *prima facie* valid, and this court is of the same opinion. The deed conforms so closely to the form prescribed by statute that a recital of the same at length is unnecessary, and hence special reference will be made only to the part claimed to be defective. It recites the assessment of the taxes upon the land, describing it in detail; the default in the payment of the taxes; the exposing of the land to public sale for taxes, in conformity to the statutes; that it could not be sold for the taxes charged against it, and, therefore, it was bid in by the county; and the assignment of the tax certificate and of the interest of the county in the property "to the Eastern Banking Company, a corporation organized and existing under the laws of the state of Connecticut." Then follows a recital of an assignment to Houlihan, the payment of subsequent taxes, and the final grant and conveyance of the land to him.

It is argued that the deed is faulty in failing to give the residence of the assignee, the Eastern Banking Company. Assuming that a statement of the residence of the purchaser and assignee is a requisite part of a tax deed, as the plaintiff plausibly contends, the question remains whether it is not substantially given in this case. The statute prescribes the form of a tax deed and provides that it shall be substantially followed. A literal compliance, however, with that form is not required. A departure from the statutory phraseology will not invalidate the deed if the idea in the prescribed recital is fairly included and stated in other words. (*Brown et al v. Cockrill,* 6 Kan. 311; *Mack v. Price,* 35 Kan. 134, 10 Pac. 521.) The deed, instead of stating that the assignment was made to the Eastern Banking Company, of a certain county and state, recites that it was made to "the Eastern Banking Company, a corporation organized and existing under the laws of the state of Connecticut." In effect this was a statement that the company resides in the state of Connecticut.

Ham v. Booth.

A corporation is an artificial being which exists only in contemplation of law, and its residence, so far as it can be said to have one, is in the state that creates it. It may exercise a permissive right to do business in other states, but may not migrate to another sovereignty. Its home, its residence, as has been often held, is in the state of its creation, and the recognition it receives elsewhere is accorded under the rules of interstate courtesy and comity. (*Williams v. Railway Co.,* 68 Kan. 17, 74 Pac. 600, 64 L. R. A. 794, 104 Am. St. Rep. 377; *Bank of Augusta v. Earle,* 38 U. S. 519, 10 L. Ed. 274; *Shaw v. Quincy Mining Company,* 145 U. S. 444, 12 Sup. Ct. 935, 36 L. Ed. 768; 1 Clark & Mar. Priv. Corp. 356; Thomp. Com. L. of Corp. § 688.) Since a corporation is a creation of the state, its residence may be said to be a state residence, and the naming of a county or principal place of business is not important for the purpose under consideration. A substantial compliance with the statutory form is sufficient, and the purpose of the tax law respecting residence is subserved when there is a recital in the deed of the state in which the corporation was organized and now exists.

Another objection made to the deed is that only one description of the land is contained in it. That is the description first given of the quarter-section, and in reciting the sale and conveyance of the land appropriate reference is made to the first description, which appears to be accurate and complete. There was but a single tract taxed, and, as it could not be sold for the taxes charged against it, the county treasurer bid it off for the county. As the county is not a voluntary or competitive bidder, it necessarily took the entire tract. (*Larkin v. Wilson,* 28 Kan. 513; *Mack v. Price,* 35 Kan. 134, 10 Pac. 521.) There being no division of the property in the sale, the recital of the sale, assignment and conveyance by such terms as "said property" and "the real property above described" shows definitely that the same tract was referred to throughout

Shear Co. v. Thompson.

the instrument, and that the description is in no sense indefinite. (*Haynes v. Heller*, 12 Kan. 381; *Dodge v. Emmons*, 34 Kan. 732, 9 Pac. 951; *Gibson v. Hammerburg, ante*, p. 363.)

It is argued that the deed does not recite the presentation of the certificate to the county clerk prior to the issue of the deed, but this is not required in the form prescribed by statute. Nor is there anything substantial in the objection that the deed is not made in the name of the county. In this respect it follows the statutory form, which, as to the conveyances to which it applies, must be deemed sufficient. (*Gibson v. Hammerburg, ante*, p. 363.)

The judgment of the district court is affirmed.

All the Justices concurring.