JAMES N. CLARKE, *as Receiver, etc.,* V. E. TILDEN.

No. 14,409.    (84 Pac. 139.)

SYLLABUS BY THE COURT.

1. TAX DEED—*Construction—Meaningless Words.* The tax deed in controversy contains the following recital: "And whereas, the treasurer of said county did, on the 26th day of October, A. D. 1891, by virtue of the authority in him vested by law, at (an adjourned sale of) the sale begun and publicly held on the fourth Monday of October, A. D. 1891, expose to public sale at the county-seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described," etc. *Held,* the parenthetical words are meaningless, may be entirely disregarded, and an October sale under section 125 of the tax law (Gen. Stat. 1901, § 7657) is disclosed.

2. ——— *Date of Sale—Validity of Deed.* If under the provisions of any statute the sale upon which a tax deed is based may have been legally made upon the day named therein the deed will not be void on its face, if otherwise regular.

3. ——— *October Sales—Form of Deed—Special Recital Unnecessary.* Tax deeds based upon October sales made pursuant to the provisions of section 125 of the tax law (Gen. Stat. 1901, § 7657) may be drawn according to the statutory form, without any special recital giving the reason for the failure to sell in September.

4. ——— *Seal of County.* The tax deed in controversy is not void on its face for want of a seal although the seal affixed bears the legend "Seal of County Clerk, Decatur County, Kansas."

Error from Decatur district court; ABEL C. T. GEIGER, judge. Opinion filed January 6, 1906. Affirmed.

*John M. Ragan,* and *Fred Robertson,* for plaintiff in error.

*G. Webb Bertram,* and *W. S. Langmade,* for defendant in error.

The opinion of the court was delivered by

BURCH, J.: In an action of ejectment the defendant based his right to the land upon a tax deed which had been recorded some seven years, and possession under such deed during the same period. The plaintiff attacked the deed as being utterly void for several reasons, but the district court held against him, and from an adverse judgment he prosecutes error. The deed contains the following recital:

"And whereas, the treasurer of said county did, on the 26th day of October, A. D. 1891, by virtue of the authority in him vested by law, at (an adjourned sale of) the sale begun and publicly held on the fourth Monday of October, A. D. 1891, expose to public sale at the county-seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described. . . ."

Because of the parenthetical statement (which the inattentive draftsman failed to strike out of the printed form of deed he used) it is claimed an unauthorized sale is disclosed. The fourth Monday of October, 1891, was the 26th day of that month, and since the land described was, according to statements of the deed, sold on that day, at a tax sale begun and publicly held on that day, the words "an adjourned sale of" are meaningless, may be entirely disregarded (*Thompson*

*v. Colburn,* 68 Kan. 819, 75 Pac. 508), and an October sale under section 125 of the tax law (Gen. Stat. 1901, § 7657) is undoubtedly disclosed.

If under the provisions of any statute the sale upon which a tax deed is based may have been legally made upon the day named therein the deed will not be void on its face, if otherwise regular. (*Patterson v. Carruth,* 13 Kan. 494; *Morrill v. Douglass,* 17 Kan. 291, 293; *Jordan v. Kyle,* 27 Kan. 190.)

It is urged, however, that the statute referred to was enacted for a special purpose; that even although an October sale be recited the treasurer has no power to sell in that month, unless he has unavoidably failed or omitted to sell in September, or has been enjoined; and hence that a deed pursuant to an October sale is void on its face if it fail, as this one unquestionably does, to recite the special circumstance necessitating it. The cases of *Duncan v. Gillette,* 37 Kan. 156, 14 Pac. 479, and *Douglass v. Wilson,* 31 Kan. 565, 3 Pac. 330, are cited in support of this position. The cases relied upon arose under statutes relating to the disposition of unredeemed lands which the county had purchased at regular tax sales. In the first one the statute provided for a second sale, and in the other for the issuance and assignment of a certificate of sale after a compromise. These were special and unusual measures, outside of and beyond those ordinarily sufficient to enforce the collection of taxes, and the court held in each instance that tax deeds based upon such proceedings must recite all the essential facts in order to be formally sufficient, no statutory form at all suitable for the purpose having been provided. These decisions are sound and have never been disturbed.

But the section of the statute providing for October sales is not, as the plaintiff claims, either peculiar or special in its character. It is a portion of the general law relating to the assessment and collection of taxes. It does not vest in the tax-collecting officers any exceptional or different authority from that exercised in

making September sales. Omission or failure or inability to sell on a given day is not an additional step in the tax-collecting process, and does not invest the treasurer with a new power to sell at another time. On the other hand, September and October sales are fully coordinated. Each is to be conducted in conformity with the same provisions of the same act, and each is to be of equal force and effect with the other. The statutory form of deed is as fully adapted to one class of sales as to the other, and no sufficient reason appears for not using it in both.

So far as the recitals of the deed disclose the consideration stated is the exact amount the purchaser paid for the land, as indicated by the tax certificate upon which the conveyance is based. Therefore, it complies with the rule announced in *Bowman et al. v. Cockrill,* 6 Kan. 311, 325. But if the consideration named were too small, as plaintiff contends, the same decision, which has ever since been followed, holds that the deed would not, on that account, be void on its face.

Finally, it is claimed the deed does not bear the seal of the county. There is a seal affixed, but it contains in the center the words, "Seal of County Clerk, Decatur County, Kansas." There is no law authorizing seals for clerks of counties. The county should have a seal for the authentication of its official acts, and the board of county commissioners is at liberty to adopt one bearing any legend or device it may choose. Under section 138 of the tax law (Gen. Stat. 1901, § 7676), the matter of affixing the seal is a part of the execution of the deed. This deed states that it is executed pursuant to statutory authority, and that the official seal of the county is affixed; and the acknowledgment shows that the act of the clerk in executing the instrument was an official act performed by virtue of his office. Under these circumstances the words of the seal, "county clerk," are not sufficient to overthrow all other

indications of due execution, and the deed is valid on its face. No evidence was introduced to show that the seal used was not in fact the seal of the county, and hence the deed is not void for want of a seal. (*Brown v. Cohn and another*, 85 Wis. 1, 54 N. W. 1101, 20 L. R. A. 182.)

In view of the foregoing it is not necessary to discuss other grounds upon which the judgment of the district court is based, and such judgment is affirmed.

All the Justices concurring.