HENRY KRUSE v. WILLIAM G. FAIRCHILD.

No. 14,538.    (85 Pac. 303.)

SYLLABUS BY THE COURT.

TAX DEED—*Description of the Property—Deed Held Void.* In the sale and conveyance of real property for taxes a description is sufficient if it indicates such property with ordinary and reasonable certainty, and would be sufficient between grantor and grantee in an ordinary conveyance; but if it is so inapt and uncertain as to mislead the owner, or if it will not afford fair notice of the tax levied against his property, or how much of it was sold for taxes, the conveyance will be invalid. And it is further *held,* that the tax deed in question is void.

Error from Kiowa district court; EDWARD H. MADISON, judge. Opinion filed March 10, 1906. Affirmed.

*John D. Beck,* and *C. F. Jesse,* for plaintiff in error.
*Fairchild & Lewis,* for defendant in error.

The opinion of the court was delivered by

JOHNSTON, C. J.: This action was brought by William G. Fairchild to recover from Henry Kruse lots 1, 2, 4, and 5, and the southwest quarter of the northeast quarter and the southeast quarter of the northwest quarter of section 5, township 30, range 17. It appears that Fairchild held the patent title to the land, and he also presented a tax deed issued in pursuance of a sale for the taxes of 1896, but it was conceded that the tax proceedings upon which that tax deed was based were illegal. Kruse rested his claim of title upon a tax deed executed to Clarence A. Farnum in 1894, and subsequent deeds purporting to convey the land to himself, but the trial court held the tax deed to be bad, and gave judgment for plaintiff. The validity of this tax deed is the main question in controversy.

It was attacked upon a number of grounds, including the uncertain and defective description of the land sold. In the tax deed the description of the property sold is: "The W. ½, N. E. ¼, and the E. ½, N. W. ¼, of section 5, township 30, range 17 west of the 6th P. M., situated in the county of Kiowa and state of Kansas." The contention is that the description does not fit the land for which Fairchild asked a recovery. The land is a fractional section, a portion of which is subdivided and described as lots, and in the government survey of the land, as well as in all the transfers, the northern part of the land is described as lots 1, 2, 4, and 5. In attempting to show that the land sought to be recovered by Fairchild had been sold for taxes, and was the same land included in the Farnum tax deed, Kruse offered in evidence a plan of the government survey, as shown by the official plats and field-notes. The fol-

lowing diagram shows the government plan of sub-division and description:

| Lot 2. | | Lot 1. | |
|--------|--------|--------|--------|
| Lot 6. | Lot 5. | Lot 4. | Lot 3. |
| | | | |
| | | | |

In other conveyances offered in evidence by Kruse the descriptions of the land do not conform to that of the tax deed under which he claims. The county clerks are required to obtain from the land-offices abstracts of government lands that have become taxable since March of the previous year, and of course these are certified as they have been surveyed and subdivided by the government. (Gen. Stat. 1901, § 7575.) The assessor is required to make out a pertinent and correct description of each piece, lot or parcel of real property, in numerical order as to blocks, lots, sections, or subdivisions, in his township or city. (Gen. Stat. 1901, § 7569.) The taxing officers have the means of obtaining a correct description of the real property to be taxed, but it appears that the tax deed in question does not contain a correct or any recognized description of

the land. Nor does it appear that the land had ever been described otherwise than as it had been subdivided and designated in the government survey. The patent, and every deed under which plaintiff claimed, described the land properly in accordance with the government plan. Even in the tax deed of plaintiff, which was conceded to be illegal, it was so described. All the intermediate instruments, from that of Farnum, the tax-title grantee, down to the defendant, accorded with the government survey, and there was nothing to show that there had ever been any other subdivision made of it.

A description is sufficient if it indicates the land with ordinary and reasonable certainty, but it should be so described that the owner may not be misled. It is important that he should be informed of the levy of a tax upon his land, and the amount of it, so that he may have the opportunity of paying the tax and saving the land from forfeiture and sale. It is equally important that he should have an opportunity to redeem the land after it has been sold for taxes. These opportunities are not afforded unless his land is identified by some pertinent description or designation. The one used in this instance is not pertinent or applicable to the land in question, and did not furnish the owner any fair means of identification. The description may have included some of the land in suit, but how much, or, if a part, what part of the whole, was taxed and sold cannot be determined from the inapt and indefinite description employed. The court ruled correctly in holding the tax deed to be invalid.

It may be noted, in passing, that there was omitted from the tax deed the county and state in which the assignee of the tax-sale certificate resided. This is a prescribed recital in the statutory form.

Another objection made to the deed is that the seal of the county clerk, instead of the seal of the county, was affixed. There is a recital in the instrument that

the county clerk has affixed the seal of the county. Under the authority of the recent case of *Clarke v. Tilden*, 72 Kan. 574, 84 Pac. 139, this must be deemed a sufficient authentication. The judgment is affirmed.

All the Justices concurring.