KATIE M. FIKE v. PAUL R. NAGLE *et al.*

No. 14,575.   (85 Pac. 948.)

TAX DEED—*Description of Land—Surplusage.* It was said that a tax deed conveying a single tract of land was not void on its face because in the deed expressions were used that would be proper if several tracts were actually conveyed, such expressions being treated as surplusage.

Error from Stafford district court; JERMAIN W. BRINCKERHOFF, judge. First opinion filed June 9, 1906. Reversed. Rehearing granted October 6, 1906. Second opinion filed February 9, 1907. First opinion affirmed.

*George A. Vandeveer,* and *F. L. Martin,* for plaintiff in error.

*T. W. Moseley,* for defendants in error.

Fike v. Nagle.

*Per Curiam:* The only question in this case which has not been disposed of by the decision in the case of *Nagle v. Tieperman, ante*, p. 32, is the contention that the tax deed is void on its face because of a mis-description of the land. The land in controversy is the southeast quarter of section 31, township 22 south, of range 13 west of the sixth principal meridian, contain-ing 160 acres, more or less. This is the description under which it appears to have been assessed, adver-tised, and sold, and the description which is contained in the deed. It is true the form of the tax deed is in-tended to be used, if necessary, for the conveyance of several distinct tracts of land, and in some places it contains such expressions as "each separate tract or parcel of said real property," "separately exposed to public sale at the county seat" and "each one of the separate tracts or parcels . . . above described," and similar expressions which would be proper in a tax deed where several tracts were actually conveyed; but the land in dispute is a single tract, and all that matter in the deed which would be proper if several tracts were actually included may be regarded as sur-plusage, and does not invalidate the deed.

The judgment is therefore reversed on the authority of *Nagle v. Tieperman, supra.*

OPINION ON REHEARING.

*Per Curiam:* This case and the case of *Nagle v. Tieperman* were argued and submitted at a previous term of this court. These cases involved one question in common, namely: Has the wife of a tenant in com-mon such an interest with her husband in the common estate that she cannot acquire a tax title thereto? The opinion was written in the latter case, in which it was held that she has not. That being the turning point in this case it was then decided, upon the authority of

that case, that the judgment of the trial court should be reversed.

Subsequently a rehearing was granted in both cases. Upon reconsideration the court adheres to its original opinion upon that point. (*Nagle v. Tieperman, ante,* p. 53.) Upon that authority the former decision herein is adhered to, and the judgment is reversed.