JOHN W. BAUGHMAN V. A. B. HARVEY *et ux.*

No. 15,205. (93 Pac. 146.)

SYLLABUS BY THE COURT.

TAX DEEDS—*Recorded Five Years—Statutory Form Not Literally Followed.* In this case it is held that a tax deed which had been of record more than five years before any suit was commenced attacking it is not void on its face because it omits the word "publicly" from the clause in the statutory form reading "at . . . the sale begun and publicly held" etc.; or because it substitutes the words "no person bid" for the words "said property could not be sold" in stating the necessity for a sale to the county; or because, instead of using the statutory language relating to the assignment of the tax-sale certificate and all the right, title and interest of the county in the property, it merely states that the county clerk duly assigned all the right, title and interest of the county in the property. The case of *Bowman, et al., v. Cockrill,* 6 Kan. 311 (1870), and numerous subsequent cases decided by this court, cited and followed.

Error from Seward district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed December 7, 1907. Affirmed.

*George L. Hay,* for plaintiff in error.

*William L. Harvey, M. W. Sutton,* and *T. A. Scates,* for defendants in error.

The opinion of the court was delivered by

BURCH, J.: The principal question in this case is whether a tax deed which had been of record more than five years before it was attacked is void on its face. It deviates from the statutory form in several particulars. One of the recitals in the statutory form is as follows:

"Whereas, the treasurer of said county did, on the —————— day of ——————, A. D. ——————, by virtue of the authority in him vested by law, at . -. . the sale begun and *publicly* held on the first Tuesday of May, A. D. ——————, expose to public sale, at the county seat of said county," etc. (Gen. Stat. 1901, § 7676.)

The deed omits the word "publicly," italicized for emphasis in the extract from the statute. The statutory form also contains the following:

"Whereas, at the place aforesaid, said property *could not be sold for* the amount of tax and charges thereon, and was therefore bid off by the county treasurer for said county for the sum of —————— dollars and —————— cents, the whole amount of tax and charges then due." (Gen. Stat. 1901, § 7676.)

The tax deed states that "whereas, at the said sale *no person bid* the said amounts of taxes and charges on said tracts of land, and the said tracts were bid off to the county of Seward for the total amounts of taxes above stated, which was the least amount bid for." Another prescribed recital is this:

"And whereas, for the sum of —————— dollars and —————— cents, paid to the treasurer of said county, on the —————— day of ——————, the county clerk did assign *the certificate of sale of said property, and* all the interest of said county in said property, to said —————— of the county of —————— and state of ——————." (Gen. Stat. 1901, § 7676.)

The deed fails to state in so many words that the county clerk assigned the certificate of sale, but it states that he *duly* assigned all the right, title and interest of the county in the land.

In numerous cases in this court similar questions

have been presented. An examination of them will disclose the policy of the court in dealing with tax deeds which have been of record and unassailed for five years or more, the rules of interpretation which have been applied to them, and the reasons which have led to the upholding of departures from the statutory form when the substance of the form has been preserved.

In the case of *Bowman, et al., v. Cockrill*, 6 Kan. 311, decided in 1870, the deed used the word "named" where it should have used the word "made" in the following clause: "In substantial conformity with all the requirements of the statute in such cases *made* and provided." The blank following the words "for and in consideration of the sum of" was filled, but with a sum less than the proper amount; and the deed used the words "subject, however, to all the rights of redemption as provided by law" instead of "subject, however, to all rights of redemption provided in the act." In holding the instrument valid on its face the court called attention to the fact that the law nowhere requires that a tax deed shall be in the exact language of the statute. All that is necessary is that it shall be in substantial conformity to the model given. The statute to the effect that no mere irregularities of any kind shall invalidate the title conveyed by a tax deed was applied to the tax deed itself as a part of the proceedings whereby the landowner is devested of his property, so that the foundation was laid for the statement in *Morrill v. Douglass*, 17 Kan. 291, that "a mere irregularity counts for nothing as against a tax deed in Kansas." (Page 293.) Words meaning the same thing were said to be equally as good as those found in the statutory form. It was held that an inaccuracy in stating the consideration which could do no possible injury to the original landowner would not render the deed void on its face; and decisions from states whose legislatures have enjoined literal compliance with the prescribed form were rejected as having no authoritative

application here, where no such requirement is made.

The case of *Haynes v. Heller*, 12 Kan. 381, decided in 1874, involved a tax deed executed under the law of 1862 prescribing a form which, in respect to the offer to purchase, reads thus: "and whereas at the time and place aforesaid," etc. The deed omitted the words "time and." The court, speaking through Mr. Justice Brewer, said that a tax deed, like any other instrument, is to be construed as a whole. If any uncertainty in one part is made certain by another the deed as a whole is sufficient, and a tax deed is to be construed according to the ordinary and natural meaning of the words used. Premising so much, the learned justice analyzed a public sale into its constituent parts of offer for sale, bid, striking off, and payment of price, and said:

"Now of these four parts, the first three must be cotemporaneous. The bid must be made while the property is being offered for sale, otherwise the sale if made is a private and not a public sale; and for the same reason the property must be struck off to the bidder before the public offer is withdrawn or ended. So that a deed which recites the time at which property is offered for sale at public sale, and then that a bid therefor was made and the property struck off to the bidder, shows the time of these last two acts as clearly as though it recited that the bid was made at 'said time' and the property struck off at 'said time.' The deed in controversy recites the time that the sale for delinquent taxes commenced, and the day upon which this particular lot was put up for sale. It does not say that it was exposed for sale upon this and subsequent days; nor under the rule, *expressio unius, exclusio alterius,* can there be any other understanding of the words of the deed than that the property was put up for sale only upon that day. It then says that certain parties bid for the property, and it was struck off to them. As heretofore stated, these two acts must have taken place during the time of the offer, and therefore on the day named, or the sale was not a public sale. But it may be said, Is not the language used consistent with the idea that no offer or sale was made at the time it was exposed to public sale, and that thereafter

an offer was made and a private sale effected? Not at all. To speak of property sold at private sale as having been struck off to the highest bidder is, to say the least, an extraordinary and unnatural use of language." (Page 391.)

The significant feature of this decision is that from recitals enjoined by the statutory form and shown in the deed the substance of other prescribed recitals may be deduced, although not expressly appearing.

The case of *McCauslin v. McGuire,* 14 Kan. 234, related to a tax deed witnessed by one witness. The statutory form contained the word "witnesses" at the bottom, where witnesses to instruments usually sign, and the law provided that a tax deed "*duly witnessed* and acknowledged, shall be *prima facie* evidence," etc. The court said:

"It will be perceived that the statute quoted does not expressly require that a tax deed shall be witnessed, nor does the statute state how it shall be witnessed, whether by one, two, or a dozen witnesses. The statute simply says that 'such deed *duly* witnessed' etc., 'may be recorded with like effect as other conveyances.' Now what does 'duly witnessed' mean? We think it means 'witnessed according to law.' And how does the law require that a deed of conveyance should be witnessed? It in fact does not require that a deed of conveyance shall be witnessed at all. The common law never did require that deeds of conveyance should be witnessed by attesting witnesses. . . . And no statute can be found in this state that requires any such thing. Tax deeds were unknown to the common law, and our statutes do not require that they shall be witnessed in any different manner from other deeds, but leave the matter entirely optional with the parties executing and receiving them. The statutes above quoted were borrowed almost literally from Wisconsin, where attesting witnesses were necessary to all deeds; and this accounts for the words 'witnessed' and 'witnesses' being used. In this state the certificate of the officer taking the acknowledgment of a deed, with his signature, and seal if he has one, is considered as sufficient attestation of any deed; and with such a certificate the deed may be read without other proof." (Pages 246, 247.)

In the case of *Stebbins v. Guthrie*, 4 Kan. 353, it had been said that a tax deed duly acknowledged is sufficient without witnesses, so that by the two decisions something which appeared to be a part of the statutory form was virtually eliminated.

A recitation in the McGuire deed that the certificate of sale which had been issued to the county was duly assigned was held to raise the presumption that the purchase-money and all that was necessary had been paid, the argument being that the certificate and all the right, title and interest of the county in the land could not have been "duly assigned" unless the purchase-money were paid. Although in the same deed the word "at" was omitted before the words "an adjourned sale of the sale begun," etc., and although the pronoun "me" was inserted instead of the name of the acknowledging officer in the blank left for the purpose in the certificate of acknowledgment, it was said the deed plainly exhibited the necessary facts and that its meaning was unmistakable. This decision was rendered in opposition to the following argument in the brief for McCauslin:

"A tax deed is not substantially in the form required by statute when it omits any averment therein required. The phraseology may be changed in many respects without substantially changing the form, provided equivalent averments are inserted; but when the fact required to be inserted is omitted, it loses a part of the substance. If courts can dispense with one requirement they can, with equal propriety, dispense with another which they may think the legislature has unwisely or unnecessarily required, and thus by gradual steps assume the entire legislative powers upon the subject." (Page 237.)

In the case of *Morrill v. Douglass*, 14 Kan. 293, it was in effect held that whatever is ascertainable by a mathematical calculation from data furnished by the law and the deed is as clearly shown as if the result of the calculation were stated. Indeed it was queried whether, under such circumstances, an erroneous

amount inserted in the deed would vitiate it, the true sum being present in the data for the calculation. The principle of this case was applied in the case of *Fullington v. Jobling,* 75 Kan. 817, 88 Pac. 968.

In the case of *Harris v. Curran,* 32 Kan. 580, 4 Pac. 1044, the tax deed recited that the land ·was sold on May 6, 1870, "at the. sale begun and publicly held on the first Tuesday of May, 1870." The first Tuesday of May, 1870, was May 3, and May 6, 1870, fell on Friday. In denying that this deed was void on its face the court said that the sale made on May 6 was "obviously" at a sale begun and publicly held on the first Tuesday of May and continued to May 6.

In the case of *Mack v. Price,* 35 Kan. 134, 10 Pac. 521, the words "of the sale" were omitted from the following sentence of the statutory form: "at an adjourned sale of the sale begun," etc., the recitation being that "the treasurer of said county did, on the 15th day of May, 1863, by virtue of the authority in him vested by law, at an adjourned sale, begun and publicly held on the first Tuesday of May, 1863, expose to public sale," etc. Also, in the conclusion of the deed, the words "by virtue of authority aforesaid" and the words "official seal" were omitted, so that it read as follows: "In witness whereof, I, Charles W. Rust, county clerk as aforesaid, have hereunto subscribed my name, and affixed my official seal on this 7th day of December, 1869. Chas. W. Rust, County Clerk." From the fact that the deed showed an adjourned sale succeeding the first Tuesday of May, 1863, the court concluded that the sale must of necessity have been an adjourned sale of the sale begun on that day. Because Charles W. Rust signed the deed as county clerk it was said "my official seal" evidently referred to his official seal as county clerk, and therefore "the official seal of said county"; and the substance of "by virtue of authority aforesaid" was held to be fully expressed in other recitations, considering all parts of the deed together.

In discussing another subject the word "duly" was given the same force as in *McCauslin v. McGuire,* 14 Kan. 234, and it was held the words "was the least quantity bid for" should be omitted in deeds based upon sales to the county. The court also referred at length to the fact that no equities existed in favor of the original owner, who had abandoned the land, paid no taxes and made no effort to regain possession for twenty years.

In the case of *Heil v. Redden,* 38 Kan. 255, 16 Pac. 743, the syllabus reads as follows:

"A tax deed is valid upon its face when its only irregularity is the omission of the word 'remaining,' where it should be stated that the land is offered for sale for the payment of the taxes, interest and costs then due and [remaining] unpaid."

The deed followed the statutory form in all respects except the one noted, and the court in the opinion said:

"We do not feel inclined to attempt to discover a distinction between taxes, etc., then due and unpaid at the time of offering for sale, and the taxes then remaining due and unpaid, while at the same time the other recitals in the deed are full and complete; at most, it was but an irregularity that certainly ought not to be regarded as a defect that could be raised after the five years contemplated by the statute have passed." (Page 257.)

In the case of *Sanger v. Rice,* 43 Kan. 580, 23 Pac. 633, the tax deed stated that "the said county of Bourbon did, on the 15th day of September, A. D. 1881, duly assign the certificate of sale," etc., the sale having been made to the county. The law and the statutory form contemplate an assignment by the county clerk. The court said that the deed showed by necessary implication that the tax certificate was assigned by the county clerk because it could not be duly assigned by Bourbon county unless it was assigned by the county clerk. The deed having been of record more than five years before it was attacked, the court said: "Ordinarily, tax deeds should be strictly construed, but under the circum-

stances of this case we think the present tax deed ought to be liberally construed, for the purpose of upholding and enforcing it." (Page 585.) The rule that public officers are always presumed to do their duty was also invoked.

In the case of *Douglass v. Bishop,* 45 Kan. 200, 25 Pac. 628, 10 L. R. A. 857, the opinion reads:

"In the certificate of acknowledgment to the tax deed, under which H. P. Bishop claims, the words 'in and for said county' were omitted. The question presented is: whether this omission renders the deed invalid. We` think not. The caption shows that the acknowledgment was taken in Jackson county, and in this state, and the certificate also shows that the tax deed was assigned by E. D. Rose, the county clerk of Jackson county, in this state, and that as such clerk he appeared before W. S. Hoaglin, a justice of the peace, in Jackson county and the state of Kansas, and acknowledged the execution of the tax deed, as clerk of Jackson county, in this state, for the purpose therein expressed. We think that, even in the absence of the words 'in and for said county,' the presumption is that W. S. Hoaglin exercised his functions as a justice of the peace within his jurisdiction, that is, within his town-ship, in the county of Jackson and state of Kansas." (Page 202.)

This decision was adhered to in the case of *Douglass v. Carmean,* 49 Kan. 674, 31 Pac. 371.

In the case of *Neenan v. White,* 50 Kan. 639, 32 Pac. 381, the deed contained the following recital:

"And whereas, the said J. J. Locker did, on the 10th day of June, A. D. 1869, duly assign the certificate of the sale of the property as aforesaid, and all his right, title and interest to said property, to Saml. Gard, of the county of Atchison and state of Kansas; and whereas, Hugh D. Fisher, administrator, did, on the 17th day of December, A. D. 1869, duly assign the certificate of the sale of the property as· aforesaid, and all his right, title and interest· to said property, to P. L. Hubbard, of the county of Atchison and state of Kansas." (Page 643.)

It was claimed that no assignment from Gard to Hubbard was shown. The court held that the deed ·was

entitled to a liberal interpretation for the purpose of upholding it and protecting the equities of claimants of the land in possession under it. The facts implied were the death of Gard, that Fisher was the administrator of Gard, probate proceedings resulting in the appointment of Fisher and an order authorizing Fisher to assign the certificate. True, evidence was introduced on the trial in the district court showing the death of Gard and the appointment of Fisher as his administrator, but the decision, which sustained the deed, was apparently rested upon the ground stated, the question being if the deed was void on its face.

In the case of *Morris v. Bird,* 71 Kan. 619, 81 Pac. 185, however, it was held that a clear break in the chain of assignments rendered the deed there under consideration void on its face.

In the case of *Penrose v. Cooper* (on rehearing), 71 Kan. 725, 84 Pac. 115, express recitals of the amount for which the land was bid off, that it was bid off for the county, and that separate tracts were offered for sale separately, were omitted, but it was held that the substance of such recitals might be supplied by inferences drawn from other statements in the deed liberally construed to that end.

Following this case it was held in *Gibson v. Trisler,* 73 Kan. 397, 85 Pac. 413, that a deed left no room for doubt that the land was bid off for the county although the recital to that effect prescribed by the statutory form was omitted. The same ruling was made in the case of *Fullington v. Jobling,* 75 Kan. 817, 88 Pac. 968.

In the case of *Ham v. Booth,* 72 Kan. 429, 83 Pac. 24, the legal presumption that a corporation resides in the state of its creation was indulged to supply the omission of an express recital of the residence of an assignee of the tax-sale certificate.

As a part of its due execution a tax deed must bear the seal of the county. (*Reed v. Morse,* 51 Kan. 141, 32 Pac. 900.) But in *Clarke v. Tilden,* 72 Kan. 574, 84 Pac. 139, it was held that the presence of the words

"Seal of County Clerk, Decatur County, Kansas," in the center of the seal affixed to a deed did not overcome other indications that the instrument was properly executed. This decision was followed in *Kruse v. Fairchild,* 73 Kan. 308, 85 Pac. 303.

A tax deed must show upon its face the time of the sale or it is void. · (*Haynes v. Heller,* 12 Kan. 381.) In *John v. Young,* 74 Kan. 865, 86 Pac. 295, the blanks in the statutory form, "did on the ———— day of ————, A. D. 189—," were not filled, but immediately following the blanks the deed recited that the sale was begun and held on the first Tuesday of September, A. D. 1896. The court declined to presume that the sale extended beyond the day named, or that the land was sold on any other day than the one named; and held that the time of the sale was indicated with substantial certainty.

In the case of *Havel v. Abstract Co., ante,* p. 336, the blanks left in the statutory form for stating the residence of the assignee of the tax-sale certificate were not filled. It was held that the matter indicated by the blanks is not a recital in the proper sense of the term and may be omitted without prejudice to the landowner and without vitiating the deed. This decision forecloses any possible inference to the contrary which might be drawn from a casual observation made by the writer of the opinion in the case of *Kruse v. Fairchild,* 73 Kan. 308, 311, 85 Pac. 303.

Whenever, in stating the facts with reference to a tax sale, words of the statutory form which under the circumstances are inappropriate happen to be retained in a deed, they may be rejected as surplusage. (*Thompson v. Colburn,* 68 Kan. 819, 75 Pac. 508; *Clarke v. Tilden,* 72 Kan. 574, 84 Pac. 139; *Fike v. Nagle,* 74 Kan. 838, 85 Pac. 948, 88 Pac. 876.)

In the light of these decisions it is clear the deed involved in this case is not void on its face. The treasurer could not expose the land to public sale, as the deed says he did, unless such sale were publicly held. To speak of a private sale as publicly held would in-

volve "an extraordinary and unnatural use of language." (*Haynes v. Heller,* 12 Kan. 381, 392.) The words "no person bid" contain the necessary implication that the land "could not be sold" to a private bidder. They express the precise idea to be conveyed by the statutory recital, and are therefore "equally good" (*Bowman, et al., v. Cockrill,* 6 Kan. 311.) The recital in the statutory form that the county clerk "did assign the certificate of sale of said property, and all the interest of said county in said property" (Gen. Stat. 1901, § 7676) is not the statement of two independent facts, but of a single fact with its legal consequence. An assignment of the certificate operates as an assignment of all the right, title and interest of the county, and an assignment of all the right, title and interest of the county necessarily involves an assignment of the certificate. A recital of either one includes the other.

Besides this, the inference regarding the manner in which the title and interest of the county was assigned is strengthened by the use in the deed of the word "duly." True, the county clerk exercises a naked statutory power, and it is not enough that he state his mere conclusion that he has complied with the law. The deed should recite facts and not opinions. (*Duncan v. Gillette,* 37 Kan. 156, 14 Pac. 479.) But under the rule of liberal interpretation which must be applied to all tax deeds which have been recorded for five years the word "duly" frequently has some descriptive force. (*McCaslin v. McGuire,* 14 Kan. 234; *Mack v. Price,* 35 Kan. 134, 10 Pac. 521; *Sanger v. Rice,* 43 Kan. 580, 23 Pac. 633.) Thus in *Sanger v. Rice, supra,* the statement that the certificate was duly assigned by the county was held to be a substantial statement of the fact that the assignment by the county was by the county clerk. So here, the statement that the right, title and interest of the county was duly assigned is a substantial statement that such assignment was accomplished by an assignment of the certificate of sale.

In the Sanger case the agent was indicated. In this case the instrument is indicated.

The sale having been made to the county, the words "which was the least amount bid for" are surplusage and should be disregarded.

A minor question presented is decided adversely to the plaintiff in error, because the writings exhibited do not disclose a contract of sale.

The judgment of the district court is affirmed.