## THOMAS H. GENTHNER v. THOMAS D. LEWIS.

1. TAX LIST, *Publication of; Sum to be collected.* A county cannot legally collect a larger sum for advertising a tract of land in a delinquent tax list than it pays to the publisher.

2. TAX DEED, *When Invalid.* A tax deed founded upon a sale, including the sum of seventeen cents in excess of the actual costs of advertising, will be adjudged invalid and set aside, if challenged before the running of the statute of limitations, where it clearly appears that such excess was intentionally included within the amount for which the land was sold; the excess being something for which the treasurer had no right to sell the land.

### *Error from Cowley District Court.*

ACTION brought by *Lewis* against *Genthner*, to quiet title to a certain tract of land in Cowley county. The facts appear in the opinion. Trial at the August Term, 1879, of the district court, and judgment for the plaintiff. The defendant brings the case here.

*M. G. Troup,* and *L. J. Webb,* for plaintiff in error.

*J. E. Allen,* for defendant in error.

The opinion of the court was delivered by

HORTON, C. J.: This was an action brought by defendant in error on July 1st, 1879, to quiet title to a certain tract of land in Cowley county. In his petition he alleged that he

was the owner in fee, and in the possession of the land under a tax deed executed and filed for record September 9th, 1878. The petition further alleged that the plaintiff in error set up an adverse interest. On July 30th, 1879, the plaintiff in error filed his answer, which contained, among other allegations, the following:

"That the board of commissioners of Cowley county, on behalf of the county, on April 15th, 1875, entered into a written contract with one James Kelly to publish in the Winfield *Courier* the delinquent tax list for 1874, at the rate of eight cents per tract of land; that under said agreement the county board paid Kelly only eight cents per tract, and that the county treasurer collected the sum of twenty-five cents for each tract, including the one in controversy."

The defendant in error demurred to this defense, and to the other parts of the answer. At the August term of the court for 1879, the court sustained the demurrer. The plaintiff in error, electing to stand by the answer, had judgment entered against him. He brings the case to this court.

The answer is somewhat inartistically drawn, but it fairly, we think, presents the questions, whether the county can legally collect a larger sum for advertising a tract of land in a delinquent tax list than it pays to the publisher?—and, if it cannot, whether a tax deed founded upon a sale including a sum in substantial excess of the actual costs for advertising will be adjudged invalid and set aside, if challenged before the running of the statute of limitations? The first inquiry is disposed of by the case of *Quigley v. Comm'rs of Sumner Co.*, ante, p. 293. In the opinion in that case, Mr. Justice BREWER, speaking for the court, says: "If the county pays only five cents a tract for advertising, the treasurer should charge that amount only against the tract. This not only harmonizes the statutes, but gives force to the different words employed in § 109, Comp. Laws 1879, p. 960." To this we may add, that the collection of a large sum as costs for advertising in excess of the actual compensation allowed, and the payment of such excess into the treasury for the use of the county, or the retention of the excess by the county treasurer,

is illegal, in violation of the statute, and without warrant of law. Only the costs, *i. e.*, the actual costs of advertising, are a legal charge.

As the sale of the land was for a sum in substantial excess of the legal costs, the sale was invalid, and the deed must be adjudged defective. We use the words "in substantial excess" in comparison with the total amount of the actual costs. The fee paid the printer was eight cents. The fee charged and collected was seventeen — more than twice the legal fees.

In *Huse v. Merriam*, 2 Greenl. 375, it was insisted that the proceeding was invalid, because the assessor had exceeded the levy by eighty-seven cents in an assessment of $215. The claim was sustained, and the assessment held void. In *McLaughlin v. Thompson*, 55 Ill. 249, it was decided that if any part of the tax, however small, is illegal, the sale is void, for the maxim *de minimis non curat lex* does not apply to the sales of land for taxes. In *Wells v. Burbank*, 17 N. H. 393, an excess of nine cents on the assessment was held to vitiate the tax. In the late case of *Gukil v. Kirby Carpenter Co.*, (U. S. Ct. Ct., E. D., of Wisconsin — Reporter, vol. 9, No. 2, p. 37,) Drummond, J., in delivering the opinion of the court, said:

"If a tax deed which was offered in evidence is valid, then the judgment must be for the plaintiff; if invalid, the judgment will be for the defendant. . . . The objection is, that the land was sold for that which was not a tax. This objection we sustain, (I must say with a good deal of hesitation on my part.) The facts in relation to that objection are these: There was a certain amount assessed against each tract of land for the tax due upon it less than the amount for which it was sold. It was a small sum added, (only five cents,) but it clearly appears that under no circumstances could this sum be added, under any law of the state, to the taxes, and included within the amount for which the land was sold. And we hold that that circumstance rendered the sale void, as there was included in the amount something for which the officer had not the right to sell the land."

We might extend these authorities, but we deem it unnec-

essary.   Whatever may be the rule where a trifling mistake
may have occurred in the calculation, or may have been oc-
casioned by an error in making or copying the figures, or in
carrying out the various amounts, we think the great weight
of authority is to the effect that, where it is plainly the pur-
pose of the officer to include illegal sums within the amount
for which land is sold for taxes, and the sale includes the
illegal sums, that circumstance renders the sale void.   It has
been the practice for counties in this state to contract with
printers at less than legal rates for publishing delinquent tax
lists, and for the county treasurers to collect the maximum
legal fees, regardless of the actual costs.   It has been sup-
posed by the county officials, that this plan was in the interest
of retrenchment and economy; the purpose being to pay
the excess collected into the county treasury, and thereby
save the people so much taxation.   The statute permits con-
tracts at less than legal rates, but the benefits arising from
the reduction in fees must inure to the tax-payers.   These
parties cannot be made to pay, by redemption or otherwise,
more than the printers receive; therefore, the county is not
entitled to the excess, and the saving obtained is to the de-
linquent tax-payer, and not to the people generally.   As, how-
ever, the costs of selling real estate for taxes ought to be
reduced to the lowest possible rates, we see no objection to
counties continuing to make contracts with printers at less
than statutory fees, notwithstanding the people generally de-
rive no benefit therefrom, provided due regard is had to
the publication of the lists in papers of wide circulation.
Publicity is of paramount importance to a reduction of the
fees.  It is the duty of county boards to comply with the
spirit, as well as the letter of the law, and getting up com-
petition to have the tax lists published at low rates, whether
the paper doing the work has any circulation or not, violates
the purpose of the statute.   One object in advertising tax
sales is, to give full notice to the land-owner, and furnish
him with every facility for the voluntary payment of the
tax, before a resort is had to coercive means; and another,

equally beneficial to him, is, to create competition at the sale, and prevent his entire estate from being sacrificed for a trifling sum compared with its real value, when the sale of a less quantity might have been made if a spirited competition had existed. The wider the circulation of the paper, the greater will be the competition at the biddings. (Blackwell on Tax Titles, 4th ed., 239.) Where contracts are made with printers at reduced rates, only the fees paid can be charged, and the county treasurers can collect only those fees at tax sales.

The order and judgment of the district court will be reversed, and the case remanded with direction to overrule the demurrer of defendant in error.

All the Justices concurring.