ELIZABETH NEENAN *et al.* v. JOHN A. WHITE.—SAME V. SAMUEL D. BLACK.

TAX DEED, *When Upheld.* After five years have expired from the time of recording the tax deed, and the claimant under such tax deed has been in the actual possession of the property all of the time, making improvements thereon, and no person claiming to have any interest in the property, at any time during the period that elapsed from the time when the first taxes were levied upon the property till after more than five years have elapsed from the time of the recording of the tax deed, has ever made any claim to the property as against the claimant or his grantors under the tax deed, such deed should be liberally construed, for the purpose of upholding and enforcing it and protecting the equities of the claimant. (*Sanger v. Rice,* 43 Kas. 580.)

### *Error from Atchison District Court.*

ACTION by *Neenan* and others against *White;* same plaintiff against *Black.* Both actions, which were brought to recover land, were tried together, at the June term, 1889, and defendants having judgment, the plaintiffs bring the cases here. The opinion states the facts.

*L. F. Bird,* and *C. D. Walker,* for plaintiffs in error:

The deed of 1873 is void on its face, because it does not show an assignment of the tax-sale certificate from Samuel Gard, the holder and owner thereof, to P. L. Hubbard, the party to whom the deed was issued, and should not have been admitted in evidence over the objection of plaintiffs in error. The county clerk can only execute tax deed to the owner and holder of tax-sale certificate. *Sapp v. Morrill,* 8 Kas. 678. To be the owner and holder, Hubbard must have had an assignment of the certificate in writing, on the back thereof or attached thereto. Gen. Stat. of 1868, ch. 107, § 112; 2 Desty, Tax., p. 856. And if the former owner, Samuel Gard, were dead, then it required an order of the probate court before such assignment could be made. Gen. Stat. of 1868, ch. 107, § 9; Executors' and Administrators' Act, § 79; *Lessee of Rice*

*v. White*, 8 Ohio, 216. And such order or the authority to execute the deed should appear on its face. 2 Desty, Tax., p. 919, note 15; *Wetherbee v. Dunn*, 32 Cal. 106; *Elston v. Kennicott*, 46 Ill. 187; *Large v. Fisher*, 49 Mo. 307.

The defendants in error could not go outside the deed for evidence to bolster it up, and the evidence of S. A. Frazier should have been excluded. A tax certificate is not assignable by mere delivery, but requires an instrument in writing indorsed thereon or attached thereto. 2 Desty, Tax., pp. 856, 857. A county clerk has no authority to issue a tax deed to the second assignee of a tax certificate, whose assignment is not indorsed thereon or attached thereto. *Smith v. Todd*, 55 Wis. 459; *Krauger v. Wood County*, 44 id. 605; *The State v. Winn*, 19 id. 304. A tax deed that does not show that the party presenting the certificate was the purchaser or his assignee is void on its face. *Krauger v. Knabb*, 22 Wis. 429. The deed must state the facts in regard to the assignment and must show a legal sale. *McCauslin v. McGuire*, 14 Kas. 234; *Clippinger v. Tuller*, 10 id. 377; *The State v. Winn*, 19 Wis. 304; *Born v. Garry*, 49 id. 464; *Capon v. Supervisors*, 43 id. 613; *Eaton v. Supervisors*, 44 id. 490; *Smith v. Stevens*, 45 Iowa, 648.

*W. W. & W. F. Guthrie*, for defendants in error:

The 1873 deed shows the sale originally to Locker, and by him, on June 10, 1869, assigned to Gard; and that Hugh D. Fisher, administrator, on the 17th of December, 1869, duly assigned the certificate, etc., to P. L. Hubbard, and that the subsequent year's taxes were paid, and, after the limit for redemption, deed to Hubbard as such assignee.

We insist that a substantial compliance with statutory form was made in the recital that the certificate was first assigned to Gard, and then, by his administrator, to Hubbard; and that, whether legally done or not, only Gard or his personal representative could call such assignment in question. However, to make assurance doubly sure, upon the trial, defendants, by the records of the probate court, showed the

death of Gard and the appointment and qualification of Fisher as his administrator; and his authority being thus shown, the presumption that an officer does his legal duty makes the *prima facie* case of legal assignment, which at the most would stand until overthrown by the plaintiff, and which was not attempted in this case. *Bergman v. Bullitt*, 43 Kas. 709; *Washington v. Hosp*, 43 id. 326; *Ireland v. George*, 41 id. 753.

But a substantial compliance with the form does not mean a literal compliance; and so that the essentials may be gathered from the entire deed, it is sufficient; and even abbreviations may be used. *Dodge v. Emmons*, 34 Kas. 737; *Mack v. Price*, 35 id. 143, 144; *Heil v. Redden*, 38 id. 257.

A statement of less amount than the taxes, costs, and interest, as the consideration, while an irregularity, does not prejudice the deed. *Mack v. Price*, 35 Kas. 143; *Bowman v. Cockrill*, 6 id. 311; *Davis v. Harrington*, 35 id. 200.

The opinion of the court was delivered by

HORTON, C. J.: These cases were tried together, and the facts in each are substantially the same. The plaintiffs below (plaintiffs in error) were the heirs at law of Michael Neenan. Martin Walter was the original patentee from the United States of the northeast quarter of section 6, township 5, range 19, in Atchison county. On the 25th day of September, 1858, he deeded it to Michael Neenan. The latter lived at St. Joseph, Mo., until his death, on the 29th of March, 1885, with the exception of one year of residence in Colorado. St. Joseph is about 22 miles from Atchison. Neenan was a contractor, and a man of property. White claims possession and ownership of the east half, and Black the west half, of the land deeded to Neenan, under two several tax deeds; one dated May 16, 1865, and filed for record in the office of the register of deeds in Atchison county on May 18, 1865. This deed recited a consideration of $39.70, for the taxes, interest and costs of 1859, 1860, 1861, 1862, 1863, and 1864. It showed a tax sale made on May 11,

1863. The other tax deed was dated August 8, 1873, and filed for record on that date. It recited a tax sale on the first Tuesday of May, 1869, and a consideration of $89.79, for the taxes, interest and costs of 1868, 1869, 1870, and 1871.

It appears from the findings of the trial court that Neenan, after obtaining his deed, never paid any attention to the land, or paid any taxes thereon. His heirs commenced this action in the court below on August 25, 1888, to recover possession of the land deeded to him. The defendants and their grantors have paid the taxes to the commencement of the action. The first tax deed was of record over 23 years before the action was commenced, and the last tax deed of record over 15 years. Jacob Frommer, one of the holders under the tax deeds, took possession of the land in the spring of 1874, and made arrangements to have the grass upon the land cut, and the timber thereon properly taken care of. On the 20th day of May, 1878, Frommer conveyed the land to Elling O. Twidt. He at once occupied the same, building a house, and fencing and breaking about 52 acres of the east 80 acres. On the 11th of October, 1880, Elling O. Twidt and wife, by warranty deed, conveyed to White the east half of the land; and White went into possession thereunder, and has continued in actual possession thereof ever since. On the 10th of December, 1880, Elling O. Twidt conveyed the west 80 acres to Franklin, and he conveyed to Black. They each took possession under their respective conveyances, and after Black obtained his title he continued to occupy the west half.

A great many objections are presented to the tax deed of 1865; but with our view of the case it is unnecessary to refer to them.

The principal objection to the tax deed of 1873 is, that it does not show an assignment of the tax-sale certificate from Samuel Gard, the holder and owner thereof, to P. L. Hubbard, the party to whom the deed was issued. Further, that it fails to show that Samuel Gard was dead, or any order of

the probate court permitting an assignment of the certificate
to be made. The tax deed recites as follows:

"*And whereas, the said J. J. Locker did, on the 10th day
of June, A. D. 1869, duly assign the certificate of the sale of
the property as aforesaid, and all his right, title and interest
to said property, to Saml. Gard, of the county of Atchison and
state of Kansas; and whereas, Hugh D. Fisher, administra-
tor, did, on the 17th day of December, A. D. 1869, duly assign
the certificate of the sale of the property as aforesaid, and all
his right, title and interest to said property, to P. L. Hubbard,
of the county of Atchison and state of Kansas.*"

The defendants, upon the trial, showed by the records of
the probate court of Atchison county the death of Gard prior
to the 17th of December, 1869, and the appointment and
qualification of Fisher as his administrator. No heir or per-
sonal representative of Gard, deceased, objected to the trans-
fer of the tax certificate to Hubbard, which was obtained by
Gard in his lifetime from Locker. It was decided in *Sanger
v. Rice*, 43 Kas. 580, that —

"Ordinarily, a tax deed should be strictly construed; but
where a tax deed has been of record for more than five years,
and the claimant under it has been in the actual possession of
the property conveyed by it during all that time, making im-
provements thereon, and no person claiming to have any in-
terest in the property, at any time during the period that
elapsed from the time when the taxes were first levied upon
the property till after more than five years had elapsed from
the time of the recording of the tax deed, has ever made any
claim to the property as against the claimant under the tax
deed, . . . and where such tax deed, if it were so con-
strued as to make the facts therein stated correspond precisely
with the actual facts, would necessarily be held to be valid,
such tax deed should be liberally construed, for the purpose
of upholding and enforcing it."

Applying the law thus stated to this case, we think that the
tax deed of 1873 cannot be held invalid or void, as it was of
record for more than 15 years, and the defendants or their
grantors have been in possession for over 14 years. The eq-
uities of the case are all with the defendants, and if in any
case, after the tax deed is upon record for more than five years,

a liberal construction should prevail, the one of 1873 should certainly be entitled to such a construction.

The judgments in both cases will be affirmed.

All the Justices concurring.