W. M. GLENN *et al.* v. JESSE B. STEWART.

No. 15,271.   (97 Pac. 863.)

SYLLABUS BY THE COURT.

1. TAX DEEDS — *Excessive Consideration* — *Erroneous Computation of Penalties—Fraction of a Cent.* Where, in computing the penalty to be added to the tax against a tract of land, the county clerk treats a fraction of between five and ten mills as an entire cent, instead of rejecting it altogether, as required by the. statute, a tax deed based thereon is not rendered invalid thereby, the resulting excess being due to an erroneous calculation rather than to an intentional overcharge.

2. —— *Excessive Consideration* — *Presumptions* — *Statute of Limitations.* As against an attack made before the statute of limitations can be invoked in its behalf, the fact that a tax deed shows on its face a greater consideration than is authorized by law is fatal to its validity. It can not be assumed that the excess was occasioned by including the clerk's fee for issuing the deed, even if such assumption would remedy the defect.

Error from Greeley district court; CHARLES E. LOB-DELL, judge. First opinion filed December 7, 1907. Affirmed. Rehearing allowed March 16, 1908. Second opinion filed October 10, 1908. Reversed.

*W. M. Glenn, Lee Monroe,* and *George A. Kline,* for plaintiffs in error.

*W. H. Russell,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The only question here involved is whether the trial court erred in holding a tax deed,. which had not been of record for five years, to be invalid as a conveyance of title.

The charge for which the land was sold included two penalties of fifteen cents each. By the terms of the statute which requires the county clerk to add these penalties to the tax-roll (Gen. Stat. 1901, § 7621) their amount, computed with mathematical exactness, would have been 14 85/100 cents. The statute also provides. that the clerk in making up the tax-roll shall reject fractions of a cent. (Gen. Stat. 1901, § 7614.) In this instance he obviously entered the penalty at the nearest whole number—fifteen cents—instead of calling it fourteen cents, as the plaintiffs in error claim he should have done. It is argued that the amount for which the land was sold was therefore two cents in excess of what. it should have been, and that this fact is fatal to the deed, inasmuch as in tax proceedings the principle that the law ignores trifles does not apply. The addition of any amount, however small, to a legal charge has often been held to vitiate a tax deed, but only in cases where the excess results from an intentional overcharge. Thus in *Genthner v. Lewis,* 24 Kan. 309, it was said:

"Whatever may be the rule where a trifling mistake may have occurred in the calculation, or may have been. occasioned by an error in making or copying the figures, or in carrying out the various amounts, we think the great weight of authority is to the effect that,. where it is plainly the purpose of the officer to include illegal sums within the amount for which land is sold for taxes, and the sale includes the illegal sums, that. circumstance renders the sale void." (Page 312.)

And in *Ireland v. George*, 41 Kan. 751, 21 Pac. 776, it was said:

"Where it is shown that the sale has been for a trifle more or less, and yet where there is no intention of selling for a greater or less sum than that provided for by law, such discrepancy will not vitiate the tax-sale proceedings." (Page 755.)

The excess in the present instance is due, not to a purpose to add a charge that is not authorized, but to a mistake in calculation, resulting from a misconstruction of the statutory rule of computation.

However, the deed is invalid for another reason. In the recital of the consideration the amount said to be charged for "costs" is separated from that charged for "taxes, interest and penalties," and is stated to be $1.10. No theory has been suggested to account for such an amount of costs, apart from taxes, interest and penalties, except upon the assumption that it includes a charge for making, and perhaps for recording, the deed. This court has held that a tax deed which has been of record for more than five years will not be set aside because such charges are included in the consideration stated, although properly they have no place there, and that to sustain such a deed it will be assumed wherever possible that any excess in such statement was occasioned in that manner. (*Martin v. Garrett*, 49 Kan. 131, 140, 30 Pac. 168; *Kennedy v. Scott*, 72 Kan. 359, 83 Pac. 971.) But no case has been cited holding that a tax deed can withstand an attack, made in due time, based upon the inclusion in the consideration of charges for issuing or recording it. On the other hand, the decisions referred to and many others tend to support the view that until the expiration of the period of limitation no presumptions are to be indulged to remedy defective recitals. The deed here involved shows a consideration greater than the law authorizes. It can not be assumed that the excess was occasioned by including the clerk's fee for issuing the deed, even if such

assumption would remedy the defect. As the deed showed that it was founded in part upon an unauthor-ized charge, the trial court properly set it aside.

The judgment is affirmed.

_____

OPINION ON REHEARING.

SYLLABUS BY THE COURT.

TAX DEEDS—*Consideration—Date of Payment of Subsequent Taxes—Printer's Fees—Presumptions.* Even in the case of a tax deed less than five years old, in the absence of any show-ing as to the facts, the payments of subsequent taxes by the holder of the certificate must be presumed to have been made at any date consistent with the recitals of the deed that would support its validity, and if necessary for that purpose it must also be presumed that the publications of the notice of sale and the redemption notice were made for less than the rates named in the statute.

The opinion of the court was delivered by

MASON, J.: The tax deed involved in this case, in-stead of stating the consideration in a lump sum, di-vided it into two items, one of $17.46, said to have been paid for taxes, interest and penalties, the other of $1.10, representing additional payments for "costs." Such a division, although unusual and unnecessary, seems in itself to be unobjectionable. At the first hear-ing, however, the deed was held to be invalid upon its face upon the ground that the amount named as costs necessarily included a charge for making the deed, it being said in the opinion:

"No theory has been suggested to account for such an amount of costs, apart from taxes, interest and penalties, except upon the assumption that it includes a charge for making, and perhaps for recording, the deed."

Several computations had in fact been submitted which did not include such a charge, but these were ignored in the statement quoted because they were sup-

Glenn v. Stewart.

posed by the court, through an erroneous calculation, to be inconsistent with some of the specific recitals of the deed. The discovery of this error led to the granting of a rehearing.

The deed contains all the recitals required by the statute, but it is not possible to tell precisely what the taxes, penalties and interest would figure up, for the dates of the payments of subsequent taxes are not shown. For the same reason, and also because there is nothing to indicate whether the full legal rate was paid for the notice of sale and redemption notice, it is impossible to tell the exact amount incurred as costs. For some purposes there might be a presumption, in the absence of anything to suggest the contrary, that such publications were made for the regular statutory price. But the county board and the printer have the power to agree upon a less rate (*Quigley v. Comm'rs of Sumner Co.*, 24 Kan. 293), and where they do so the deed is not required to recite the fact. Therefore a tax deed can not be held to be defective upon its face even although the amount of the stated consideration can be accounted for only by assuming that the price paid for the publications was less than the statutory maximum.

So, too, even in the case of a deed less than five years old, in the absence of anything to indicate when the subsequent taxes were actually paid by the holder of the certificate, the payments must be presumed to have been made at any date consistent with the recitals of the deed that would support its validity, for there is no presumption that they were made at the earliest possible moment or at any other specific time.

The judgment is reversed, and a new trial ordered.