C. A. RYNEARSON *et al.* V. JAMES L. CONN.

No. 15,342.   (94 Pac. 205.)

SYLLABUS BY THE COURT.

1. TAX DEEDS—*Assignment of Certificate—Evidence.*   A tax deed which has been recorded more than five years and the other recitals of which are proper in form is not void on its face because of a recital which reads: "Now, therefore, I, E. F. Rieman, county clerk of the county aforesaid, for and in consideration of the sum of one hundred dollars and twenty-four cents, taxes, cost and interest due on said land for the years 1892, 1893, 1894 and 1895, to the treasurer paid as aforesaid, and on presentation to me of the certificate of sale and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said the heirs of Dewitt C. Rynearson, deceased, their heirs and assigns, the real property last hereinbefore described, to have and to hold unto him the said the heirs of Dewitt C. Rynearson, deceased, their heirs and assigns, forever; subject, however, to all rights of redemption provided by law."

2. —————— *Construction.*   For the purpose of upholding a tax deed which has been recorded more than five years its recitals will be liberally construed.

Error from Meade district court; EDWARD H. MADISON, judge.   Opinion filed January 11, 1908.   Reversed.

*Francis C. Price,* for plaintiffs in error.

*George A. Vandeveer,* and *F. L. Martin,* for defendant in error.

The opinion of the court was delivered by

GRAVES, J.: This suit was commenced in the district court of Meade county, by the plaintiffs in error, to quiet their title to certain real estate.  They claimed title under a tax deed.  The defendant in error appeared and filed an answer, in which he denied all right on the part of the plaintiffs to the real estate in controversy, claimed to be the owner thereof in fee, and prayed that plaintiffs be ejected therefrom.  The plaintiffs replied with a general denial, and dismissed their petition to quiet title.  The action then proceeded to trial as if a case in ejectment, wherein the defendant was plaintiff.  On the trial the defendant proved a connected chain of title from the government to himself, and rested.  The plaintiffs then offered their tax deed in evidence, which was excluded because void on its face, and the defendant recovered judgment for possession of the land.  Plaintiffs bring the case here.

The validity of the tax deed is the only question presented.  The recitals in the deed are in statutory form to the point where the statement is made that the land was offered for sale, and there continues:

"And whereas, at the place aforesaid, Dewitt C. Rynearson, of the county of Meade, and state of Kansas, having offered to pay the sum of eighty dollars and thirty-four cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the whole of the above-described tract, which was the least quantity bid for, and payment of said sum having been by him made to the treasurer, the said property was stricken off to him at that price and a certificate of purchase issued to him by the treasurer."

Then follow the recitals of payment of subsequent taxes and of final notice, closing with the following:

"Now, therefore, I, E. F. Rieman, county clerk of the county aforesaid, for and in consideration of the sum of one hundred dollars and twenty-four cents, taxes, cost and interest due on said land for the years 1892, 1893,

11—77 KAN.

1894 and 1895, to the treasurer paid as aforesaid, and on presentation to me· of the certificate of sale and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said the heirs of Dewitt C. Rynearson, deceased, their heirs and assigns, the real property last hereinbefore described, to have and to hold unto him the said the heirs of Dewitt C. Rynearson, deceased, their heirs and assigns, forever; subject, however, to all rights of redemption provided by law."

The sale was made September 5, 1893. The deed was filed for record September 12, 1896. The petition in this case was filed August 29, 1905. The answer was filed March 1, 1906. This is sufficient to show the contention of the parties.

The defendant insists that the deed shows a sale to Dewitt C. Rynearson, and, no showing having been made of his death, or the heirship of the grantees, or a legal transfer of the certificate to them, the deed is void. It is urged, on the other hand, that the statute makes the recitals of a tax deed *prima facie* proof of the facts involved in the recitals, and under this rule the deed shows that Dewitt C. Rynearson died and by proper legal proceedings his heirs became the owners of the certificate and were entitled to the deed. In answer to this contention the defendant insists that no recitals in a tax deed have the evidentiary effect contended for, except such as the law requires to be placed therein, and these, being recitals of independent and extraneous facts, have no force as evidence.

This controversy hinges upon the legal effect of these recitals. It is the duty of a county clerk to recite in every tax deed the steps taken under the law which authorizes the execution of the deed to the grantee therein named. Tax deeds are given only to the owner and holder of the tax-sale certificate. When the original purchaser takes the deed he presents and surrenders the certificate to the county clerk. (Gen. Stat. 1901, § 7676.) When it is issued to another such other

must show his ownership of the certificate by a written assignment thereof. (Gen. Stat. 1901, § 7648.) When the original purchaser dies leaving a tax-sale certificate as a part of his estate it may be sold and assigned by his executor or administrator (Gen. Stat. 1901, § 2884), and such assignments are sufficient evidence of ownership to entitle the assignee to a tax deed. The recitals in a tax deed necessarily consist of conclusions. It would be impracticable to state all the facts in detail, and where an attempt is made to state in a recital one of the steps required to be taken by the procedure leading up to the deed such recital will, after five years from the time when the deed was recorded, for the purpose of upholding the deed, be liberally construed. (*Neenan v. White,* 50 Kan. 639, 32 Pac. 381; *Penrose v. Cooper,* 71 Kan. 725, 81 Pac. 489, 84 Pac. 115; *Havel v. Abstract Co.,* 76 Kan. 336, 91 Pac. 790; *Gibson v. Trisler,* 73 Kan. 397, 85 Pac. 413; *Nagle v. Tieperman,* 74 Kan. 53, 88 Pac. 969; *Robbins v. Brower,* 74 Kan. 113, 85 Pac. 815.) In the case of *Baughman v. Harvey,* 76 Kan. 767, 93 Pac. 146, Mr. Justice Burch, in discussing the case of *Neenan v. White, supra,* said:

"In the case of *Neenan v. White,* 50 Kan. 639, 32 Pac. 381, the deed contained the following recital:

"'And whereas, the said J. J. Locker did, on the 10th day of June, A. D. 1869, duly assign the certificate of the sale of the property as aforesaid, and all his right, title and interest to said property, to Saml. Gard, of the county of Atchison and state of Kansas; and whereas, Hugh D. Fisher, administrator, did, on the 17th day of December, A. D. 1869, duly assign the certificate of the sale of the property as aforesaid, and all his right, title and interest to said property, to P. L. Hubbard, of the county of Atchison and state of Kansas.' (Page 643.)

"It was claimed that no assignment from Gard to Hubbard was shown. The court held that the deed was entitled to a liberal interpretation for the purpose of upholding it and protecting the equities of claimants of the land in possession under it. The facts implied were the death of Gard, that Fisher was the administrator of Gard, probate proceedings resulting in the appointment of Fisher and an order authorizing Fisher to assign

Belknap v. Sleeth.

the certificate. True, evidence was introduced on the trial in the district court showing the death of Gard and the appointment of Fisher as his administrator, but the decision, which sustained the deed, was apparently rested upon the ground stated, the question being if the deed was void on its face." (Page 775.)

The recital in question states in substance that Dewitt C. Rynearson was the original tax purchaser; that he is dead, and his heirs present the certificate for a deed. This, while not as full and specific as it might have been, is sufficient to save the deed from being void on its face. From the facts stated it may be readily inferred that Dewitt C. Rynearson died the owner of the tax-sale certificate, and that his heirs became the owners thereof by purchase from the executor or administrator, or by whatever legal procedure was necessary and proper. The recital is one required by statute. It is necessary for the purpose of showing why the deed was executed to the grantees. Being proper, it must receive the same force and effect given to other recitals.

The judgment of the court is reversed, with direction to enter judgment in favor of the plaintiffs.