WILLIAM ROBERT *et al.* v. CHARLES E. GIBSON.
No. 15,784. (99 Pac. 595.)

SYLLABUS BY THE COURT.

TAX DEEDS—*Grantee—Executor of Purchaser of Certificate— Presumption.* A tax deed which has been of record more than five years, and which is regular in every respect except that the conveyance is made to the executors of the estate of the person to whom the certificate of sale was issued and their heirs and assigns, should, under the rule of liberal construction adopted in such cases, be admitted in evidence as a muniment of title, when it appears in the regular chain of conveyances.

Error from Meade district court; GORDON L. FINLEY, judge. Opinion filed January 12, 1909. Reversed.

*Thomas A. Scates,* and *Albert Watkins,* for plaintiffs in error.

*H. Llewellyn Jones,* for defendant in error.

The opinion of the court was delivered by

BENSON, J.: This suit was to quiet title to lands held under a tax deed. The only question presented is whether the objection made to this deed as a muniment of title was properly sustained. If it was, the judgment must be affirmed; if not, it must be reversed.

The deed recites a tax sale to J. W. Summers, and payment of subsequent taxes thereon, in usual form. The granting clause is:

"Now, therefore, I, E. E. Reiman, county clerk of the county aforesaid, for and in consideration of the sum of $179.07, taxes, costs and interest in the aggregate, due as aforesaid on said land for the year A. D. 1892, 1893, 1894, 1895, to the treasurer paid as aforesaid, and on presentation to me of the certificate of sale, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Emma G. Summers and J. C. Weaver, executors of the estate of James W. Summers, deceased, their heirs and assigns, all of the real property hereinbefore described,

"To have and to hold, unto them, their heirs and assigns, forever; subject, however, to all rights of redemption provided by law."

The deed is dated September 7, 1896, and was recorded more than five years before the suit was commenced.

When the deed was offered in evidence by the plaintiffs the defendant objected, because the deed "shows upon its face that the tax-sale certificate was issued to J. W. Summers, and that the deed is made to Emma G. Summers and J. C. Weaver, executors of the estate of James W. Summers, deceased, and fails to show that the grantees in said deed were the holders of the tax-sale certificate issued to J. W. Summers, and for the reason that the deed purports to convey the land to these parties, their heirs and assigns." The objection was sustained and the deed excluded as a muniment of

title, but it was admitted to show a tax lien, which was allowed to the plaintiff thereon. The plaintiffs prosecute error, claiming title under the deed.

After five years have elapsed from the time of recording a tax deed it will be liberally construed for the purpose of upholding it. (*Neenan v. White,* 50 Kan. 639, 32 Pac. 381.)

"The recitals in a tax deed necessarily consist of conclusions. It would be impracticable to state all the facts in detail, and where an attempt is made to state in a recital one of the steps required to be taken by the procedure leading up to the deed such recital will, after five years from the time when the deed was recorded, for the purpose of upholding the deed, be liberally construed." (*Rynearson v. Conn,* 77 Kan. 160, 163, 94 Pac. 205.)

Thus it appears that after the deed has been of record five years the recitals will be construed in connection with the presumptions of regularity so as to uphold it, if it is possible to do so without doing violence to the language used. In the Rynearson case, *supra,* the recitals showed a sale and certificate issued thereon to D. C. Rynearson, and the payment of subsequent taxes. The granting clause was in the same form as in the deed now under consideration down to the following:

"On presentation to me of the certificate of sale and by virtue of the statute in such case made and provided, have granted, bargained, and sold, and by these presents do grant, bargain and sell unto the said the heirs of Dewitt C. Rynearson, deceased, their heirs and assigns, the real property last hereinbefore described, to have and to hold unto him the said the heirs of Dewitt C. Rynearson, deceased, their heirs and assigns forever." (*Rynearson v. Conn,* 77 Kan. 160, 162, 94 Pac. 205.)

In that case Mr. Justice Graves said:

"The recital in question states in substance that Dewitt C. Rynearson was the original tax purchaser; that he is dead, and his heirs present the certificate for a deed. This, while not as full and specific as it might

Robert v. Gibson.

have been, is sufficient to save the deed from being void on its face. From the facts stated it may be readily inferred that Dewitt C. Rynearson died the owner of the tax-sale certificate, and that his heirs became the owners thereof by purchase from the executor or administrator, or by whatever legal procedure was necessary and proper. The recital is one required by statute. It is necessary for the purpose of showing why the deed was executed to these grantees. Being proper, it must receive the same force and effect given to other recitals." (Page 164.)

Following that decision, it may be inferred from the recitals in this deed that J. W. Summers was the owner of the tax-sale certificate when he died testate; that Emma G. Summers and J. C. Weaver were the executors of his will; and that they presented the certificate unassigned, and asked for a deed, which was thereupon issued to them. To uphold the deed, however, we must further presume that the will directed that such action should be taken, or that it became necessary in the course of administration to obtain a tax deed in order to make proper distribution. While this presumption extends beyond those approved in *Rynearson v. Conn, supra,* it is in harmony with the principle announced in that case and the trend of the decisions. (Gen. Stat. 1901, § 7680.)

It is urged that the grant to the executors and *their* heirs makes the conveyance a nullity; but after the expiration of the five-year period this should be treated as an irregularity only. No court would hold that this deed, in view of all its contents, conveyed the title to the grantees named as individuals, and the words "their heirs" may be treated as surplusage. It is clear that the grantees could hold it only as executors.

The judgment is reversed.