ZACHARIAH TROYER v. WILLIAM F. BEEDY.

No. 15,842. (100 Pac. 476.)

SYLLABUS BY THE COURT.

1. TAX DEEDS — *Consideration for Assignment of Certificate — Erroneous Computation.* A tax deed is not rendered void by the fact that the certificate was assigned by the county for slightly less than the amount necessary to redeem, when the discrepancy is occasioned by an error in computation.

2. ——— *Interest — Erroneous Computation.* Where such discrepancy is traceable to the amount charged as interest the presumption is that it resulted from an error in computation.

Troyer v. Beedy.

3. ———— *Consideration for Assignment of Certificate—Interest.*
The amount of such discrepancy will not be regarded as sub-
stantial if the interest charged is less than would result from
a computation in which the fractions of a cent are carried
out in full throughout, and greater than would result from a
similar computation in which such fractions are rejected at
every stage.

Error from Rawlins district court; WILLIAM H.
PRATT, judge.    Opinion filed February 6, 1909.    Re-
versed.

*Asa M. Smith, H. McCaslin,* and *Fred Robertson,* for
plaintiff in error.

*J. P. Noble,* and *T. M. Noble,* for defendant in error.

The opinion of the court was delivered by

MASON, J.: The only question presented is whether
the trial court erred in holding a tax deed void upon its
face.    The deed recited that on September 10, 1896,
the property had been bid in by the county for $18.61,
and that on May 13, 1899, the certificate had been as-
signed for $26.10.    The only ground upon which the
validity of the deed is challenged is that the exact
amount necessary to redeem at the date of the assign-
ment was $26.147, or a little less than five cents more
than was in fact received by the county.

The assignment of the certificate for an amount sub-
stantially less than what is due renders the deed in-
valid.    (*Wilks v. DeHart,* 78 Kan. 217, 95 Pac. 836.)
But a slight variation one way or the other is not ma-
terial unless it results from an intention to depart
from the rule of the statute.    (*Genthner v. Lewis,* 24
Kan. 309; *Glenn v. Stewart,* 78 Kan. 605, 97 Pac. 863.)
Clearly the discrepancy in the present instance is not
due to the omission of any item required by the law to
be charged against the property, for the only addition
to be made to the price for which it was originally sold
was the interest.    Therefore the difference, presumably

at least, was occasioned by an error in computation or in carrying out the figures. It would seem that in a total of the amount here involved an unintentional variation of less than five cents might under any circumstances be disregarded in accordance with the rule requiring the ignoring of trifles. At all events the rule should be applied here. There may be a difficulty in saying just where the line between immaterial and substantial differences should be drawn, but no amount should be considered as materially erroneous which can be arrived at on the one hand by rejecting fractions of a cent at any part of the computation, or on the other by carrying the decimals out to any length; nor should any variation between these limits be regarded as important. This test may not resolve the doubt in all cases, but it is sufficient to save the deed here involved. The period during which interest accrued was two years, eight months and twelve days, or thirty-two and two-fifths months. The interest on $18.61, at the rate of 15 per cent. per annum, was, in exact figures, for one month $.232625, and for the entire period $7.53705. But if the interest for one month is called $.23, the same method of computation gives for the total interest $7.452. The interest charged in the deed was substantially half way between these amounts, or $7.49.

The judgment is reversed, and the cause remanded for further proceedings in accordance herewith.