CHARLES E. GIBSON, *Appellee*, v. JAMES M. REYNOLDS, *Appellant*.

No. 16,055.

SYLLABUS BY THE COURT.

COMPROMISE TAX DEED—*Excessive Consideration—Presumption —Taxes Accruing after Assignment and before Execution of Deed.* Where a compromise tax deed has been of record more than five years and it appears upon the face of the deed that the certificate was assigned by order of the county commissioners July 5, 1897, for the sum of $35.75, and that the deed was executed on the 10th of the following January and the consideration stated in the deed was $45.69, it will be assumed that the excess of consideration above the amount of the assignment of the certificate was occasioned by the payment of the tax of 1897, which became due and payable after the assignment of the certificate and before the execution of the deed.

Appeal from Kiowa district court; GORDON L. FINLEY, judge. Opinion filed December 11, 1909. Reversed.

*John W. Davis,* for the appellant.

*L. M. Day,* for the appellee.

The opinion of the court was delivered by

GRAVES, J.: This is an action of ejectment, commenced in the district court of Kiowa county to recover the possession of the land in controversy. The plaintiff, Gibson, was the owner of the patent title. The defend-

ant, Reynolds, was in possession of the land, claiming under a tax deed only. The sole question presented is whether the tax deed is valid or not. The trial court held that it was void upon its face and awarded the land to the plaintiff. The defendant appeals to this court. The tax deed reads:

"KNOW ALL MEN BY THESE PRESENTS: That whereas, the following-described real property, viz., the northeast quarter ($\frac{1}{4}$) of section thirty-four (34), township thirty (30) south, range sixteen (16) west of the sixth principal meridian, situated in the county of Kiowa, state of Kansas, was subject to taxation for the year A. D. 1892; and whereas, the taxes assessed upon said real property for the year A. D. 1892 aforesaid remained due and unpaid at the date of sale hereinafter named; and whereas, the treasurer of the county did, on the 5th day of September, A. D. 1893, by virtue of the authority in him vested by law, at an adjourned sale of the sale begun and publicly held on the first Tuesday of September, A. D. 1893, expose at public sale, at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, the real property above described, for the payment of the taxes, interest and costs then due and remaining unpaid on said property; and whereas, at the time and place aforesaid, no person bid amount of tax, penalties and charges on said land, the said land was bid off by the county treasurer for the county of Kiowa for the said amount, to wit, the sum of fifteen dollars and 74 cents, being the whole amount of taxes, interest and costs then due and remaining unpaid on said property, for the whole of the above-described property, which was the least quantity bid for; and whereas, said above-described real estate has remained unredeemed from said sale for the period of three years from the date thereof, and no persons have offered to purchase the same for the taxes, penalties, interest and costs due thereon; and whereas, the board of county commissioners of said county of Kiowa did, on the 5th day of July, A. D. 1897, by resolution of that date appearing of record at page 84 of the record of said board, permit and authorize the county treasurer of said county to execute, and the county clerk of said county to assign, a tax-sale certificate of and for said described real estate to Frank Abell at and for the sum

of thirty-five and 75/100 dollars, which said sum was then and there, on the 5th day of July, A. D. 1897, paid to said treasurer by said Frank Abell; and whereas, said treasurer did, on the 5th day of July, A. D. 1897, execute a tax-sale certificate of and for said described real estate, and said county clerk did, on the 5th day of July, A. D. 1897, duly assign the same and all the right, title and interest of the said county in and to said property to said Frank Abell; and whereas, the period of six months has elapsed since such assignment was made and neither the owner of said property, his agent or attorney has offered to redeem the same:

Now, THEREFORE, I, E. A. Northrup, county clerk of the county aforesaid, for and in consideration of the sum of forty-five dollars and 69 cents, so paid to the treasurer of said county as aforesaid, and in pursuance of the said resolution of said board, and by virtue of the statute in such case made and provided, have granted, bargained and sold, and by these presents do grant, bargain and sell unto the said Frank Abell, his heirs and assigns, the real property last hereinbefore described: To have and to hold unto him, the said Frank Abell, his heirs and assigns, forever; subject, however, to all rights of redemption provided by law.

IN WITNESS WHEREOF, I, E. A. Northrup, county clerk as aforesaid, by virtue of the authority aforesaid, have hereunto subscribed my name and affixed the official seal of said county on this 10th day of January, A. D. 1898."

The deed was acknowledged January 11, 1898, and filed for record January 24, 1898. It had been of record more than five years when this action was commenced. The objection made to the deed is that the consideration stated therein exceeds by several dollars the amount for which the certificate was assigned, with all possible costs added thereto.

It will be observed that the deed is what is known as a compromise deed, issued under the provisions of section 7672 of the General Statutes of 1901. The county commissioners authorized the certificate to be assigned for $35.75. The assignment was made July 5, 1897, for that amount. The consideration for the deed, which

was executed on the 10th day of January, 1898, as re-
cited in the deed, is $45.69. How can this excess of
$9.94 be accounted for so as to uphold the deed? The
county parted with the land before the tax for that year
(1897) became due and payable. It subsequently be-
came due and payable while the assignee was the holder
of the certificate and before the deed was executed.

It has been suggested that the excess shown in the
consideration was due to the fact that the assignee paid
the tax for that year and it was included in the deed by
the county clerk. Indeed, this appears to be a very
natural and reasonable inference to draw from the
situation. It was a fixed charge against the land when
the county assigned the certificate, although not then
due and payable. The objections urged to this conclu-
sion are that if the excess was made by the payment of
subsequent taxes the deed ought to have so stated, or at
least should contain some intimation to indicate such a
payment. The recital in the deed shows that this ex-
cess was a part of the consideration received, and we
must assume that it was paid in satisfaction of some
valid charge against the land. If a valid charge can be
found by reasonable inference, it may be assumed that
the excess was applied in satisfaction thereof. It seems
clear from the deed that the tax of 1897 was then due
and payable, and it seems natural and reasonable that
the grantee in the deed would want to pay such tax and
the county officers would desire to collect it. Indeed, it
is the only reasonable conclusion to be drawn from the
deed. It has been a rule of this court, sanctioned by
many decisions, to uphold tax deeds where they have
been of record and unquestioned for more than five
years, if by any reasonable construction of the deed or
by inferences drawn therefrom it can be done. (*Nee-
nan v. White,* 50 Kan. 639; *Penrose v. Cooper,* 71 Kan.
720, 725; *Havel v. Abstract Co.,* 76 Kan. 336; *Fike v.
Nagle,* 74 Kan. 838; *Robbins v. Brower,* 74 Kan. 113;
*Rynearson v. Conn,* 77 Kan. 160.) We think this case

comes within that rule, and we think the deed in question valid.

The judgment of the district court is therefore reversed, with direction to enter judgment for the defendant.