CHARLES E. GIBSON, *Appellant*, V. CYNTHA GARST
*et al., Appellees.*

No. 16,325.

SYLLABUS BY THE COURT.

TAX DEEDS—*Separate Tracts—Consideration—Time of Payment
of Subsequent Taxes Omitted—Presumption—Computation of
Interest—Trivial Discrepancy.* A tax-deed purchaser had
been in the peaceable, actual and open possession of the land
in controversy for eleven years. The tax deed under which
he claimed ownership had been on record during all of this
time. The holder of the patent title then commenced an ac-
tion of ejectment to recover the land. The tax deed was in-
terposed as a defense. The deed was assailed upon the sole
ground that it conveys several separate tracts of land and
does not recite the amount of consideration for which each
separate tract was conveyed. The amount for which each
tract was sold and the date of sale are stated. The payment
of subsequent taxes, for what year, and the amount, are re-
cited, but the time of such payment is omitted. It is claimed
that because of this omission the interest can not be computed
upon such subsequent taxes. Under such circumstances it
will be presumed that the subsequent taxes were paid when
by law they became due and payable, and interest will be
computed thereon from that date. If a computation upon the
face of the deed, with this presumption added, differs from
the aggregate consideration stated in the deed, which is the
sum of $493.65, and such difference is only $1.02, the dis-
crepancy will be deemed trivial and insufficient to avoid the
deed.

Appeal from Comanche district court; GORDON L.
FINLEY, judge. Opinion filed February 12, 1910. Af-
firmed.

*L. M. Day,* for the appellant.

*Fred B. Stanley,* and *Claude C. Stanley,* for the ap-
pellees.

The opinion of the court was delivered by

GRAVES, J.: This is an action of ejectment, brought
by the appellant in the district court of Comanche
county to recover the real estate in controversy. The de-

fendants were in actual possession of the land and had been ever since the date of the tax deed under which they claimed title. The plaintiff owned the patent title and was entitled to recover unless the tax deed was valid. The only question involved is the validity of the tax deed, a copy of which reads:

"TAX DEED—SEVERAL TRACTS.

"KNOW ALL MEN BY THESE PRESENTS: That, whereas each of the following-described parcels, tracts and lots of land, viz.: Number 1—Lot 4 sec. 1 and lot 1 & 2 sec. 2 twp. 34 south R 16 west 6th P. M. No. 2— S ½ SE ¼ sec. 33 tp. 34 south R 16 west 6th P. M. No. 3—SW ¼ SE ¼ & SE ¼ SW ¼ · sec. 14 tp. 34 south R 17 west 6th P. M. No. 4—NW ¼ NE ¼ & NE ¼ NW ¼ sec. 23 tp. 34 south R 17 west 6th P. M. No. 5—E ½ SW ¼ sec. 10 tp. 34 south R 18 west of the 6th P. M. No. 6—W ½ SE ¼ sec. 10 tp. 34 south R 18 west 6th P. M. No. 7—SE ¼ sec. 31 tp. 34 south R 18 west 6th P. M. No. 8—NE ¼ sec. 14 tp. 34 south R 19 west 6th P. M. No. 9—SW ¼ sec. 21 tp. 34 south R 19 west 6th P. M., situated in the county of Comanche and state of Kansas, was, severally, subject to taxation for the year A. D. 1891; and whereas the taxes assessed upon each of said several parcels, tracts and lots of real property, respectively, for the year aforesaid, remained due and unpaid at the date of the sale hereinafter mentioned; and whereas the treasurer of said county did, on the first day of September, A. D. 1891, by virtue of the authority in him vested by law at ——— the sale begun and publicly held on the first Tuesday of September, A. D. 1891, expose to public sale, at the county seat of said county, in substantial conformity with all the requisitions of the statute in such case made and provided, offering separately each of the said several parcels, tracts and lots as in the regular course of said sale it was reached in its turn, the real property above described for the payment of the taxes, interest and costs then due and remaining unpaid upon each of the said parcels, tracts and lots of real property, respectively; and whereas, at the place aforesaid, as they were as aforesaid severally and in due course offered for sale, Wm. Logan, of the county of Lee and state of Iowa, having offered to pay the whole amount of taxes, interest and costs then due and remaining unpaid on

each of the said parcels, tracts and lots of said property hereinbefore described and severally numbered, to wit: On the parcel, tract or lot in said description numbered 1 the sum of six dollars and ninety-six cents ($6.96); on that numbered 2, four dollars and fifty-eight cents ($4.58); on that numbered 3, four dollars and eighty-six cents ($4.86); on that numbered 4, two dollars and seventy-four cents ($2.74); on that numbered 5, eleven dollars and ninety-five cents ($11.95); on that numbered 6, seven dollars and forty-five cents ($7.45); on that numbered 7, seventeen dollars and twenty-six cents ($17.26); on that numbered 8, fifteen dollars and thirty-six cents ($15.36); on that numbered 9, twelve dollars and twenty-three cents ($12.23); for the whole of each of said parcels, tracts and lots respectively, which, as to each of them, was the least quantity bid for, and payment of said several sums aggregating the sum of eighty-three dollars and thirty-nine cents, having been made by him to the treasurer, the said property was severally as aforesaid struck off to him at the prices aforesaid, and a certificate of purchase issued to him by the treasurer; and whereas the subsequent taxes of the year 1891, and of the year 1892, and of the year 1893, amounting for each of said years, respectively, of each of said parcels, tracts, and lots, as hereinbefore numbered and described, as follow: On that numbered 1, for 1891, $5.67; for 1892, $5.85; on that numbered 2, for 1891, $3.78; for 1892, $5.54; for 1893, $5.46; on that numbered 3, for 1891, $8.31; for 1892, $4.68; on that numbered 4, for 1891, $8.31; for 1892, $4.68; on that numbered 5, for 1891, $9.55; for 1892, $7.96; for 1893, $7.72; on that numbered 6, for 1891, $6.72; for 1892, $4.53; for 1893, $3.69; on that numbered 7, for 1891, $13.98; for 1892, $14.34; for 1893, $14.17; on that numbered 8, for 1891, $12.50; for 1892, $13.71; for 1893, $13.57; on that numbered 9, for 1891, $9.87; for 1892, $9.05; for 1893, $8.40; having been paid by the purchaser as provided by law; and whereas, three years have elapsed since the date of said sale, and none of the said property has been redeemed therefrom, as provided by law;

"Now, therefore," etc.

It is claimed that this deed is void upon its face for the following reasons: (1) It conveys several separate and distinct tracts and does not recite the amount

of the consideration for which each separate tract was conveyed; (2) the aggregate consideration is greatly in excess of the taxes, interest and costs due and charged up at the date of the deed; (3) the deed is not substantially in legal form.

Under section 7677 of the General Statutes of 1901 a tax purchaser may require several separate tracts to be conveyed in one deed, but if he does the deed must state the facts concerning the sale of each tract so that the amount for which each tract was conveyed can be ascertained, and the aggregate of these amounts shall constitute the gross or aggregate consideration of the deed. The deed in question was evidently intended to comply with this statute, but no date is given showing when the subsequent taxes of 1891, 1892 and 1893 were paid, and therefore it is urged that a computation of the interest upon each separate tract is impossible.

The case was presented to the district court upon a demurrer to the defendants' answer, which presented directly the validity of the tax deed. The court took the question under advisement and finally upheld the deed. His conclusions are stated as follow:

"The question is, however, Are the omitted recitals supplied or can they reasonably be inferred from other recitals of the deed? The amount for which each separate tract was sold to the purchaser at the sale is stated. The amount of subsequent taxes paid by him upon each separate tract and the year in which such taxes became delinquent are clearly stated. To find the aggregate amount for which each tract should be conveyed, then, becomes merely a matter of computation. Evidently the county clerk made such computation, for he found the aggregate, or gross, consideration for all the tracts. Such amount found by him is within a very small amount the sum of each payment made by the purchaser, together with interest. Any discrepancy is more than accounted for by the addition of legal fees and charges. For this reason, the natural and reasonable inference is that each tract was conveyed for the sum paid thereon, with interest. No one can be misled. The computation can be made from the recitals of the deed, and for this reason it is held that the failure

to state specifically the amount for which each separate tract was conveyed is cured by the other recitals of the deed.

"Plaintiff next claims that the gross consideration stated in the deed is greatly in excess of the true amount of taxes, interest and charges. With this contention the court can not agree. The deed states the consideration to be $493.65. The figures of the court make it $494.67. . . . Interest is computed upon the amount paid to the county at 24 per cent from date of sale to August 8, 1895. Interest upon payments of subsequent taxes from December 20 of the tax year to August 8, 1895. Interest upon such payments for 1891-2-3 computed at 24 per cent and in addition interest for 1893 taxes computed at 15 per cent. . . . The amount of payments and interest at 24 per cent, as found by the court, is $1.02 more than was found by the county clerk. Moreover, it will be noted that no costs or charges are included in the total. Again, the true date of the deed is the date of its acknowledgment —August 22. If the interest is figured to the latter date, even at the rate of 15 per cent upon the 1893 payment, the consideration is more than that found by the clerk.

"For these reasons the deed must be upheld. It follows substantially the statutory form."

This tends to show that the consideration stated in the deed is not excessive. Considering the aggregate amount of tax involved, the numerous tracts included in the deed, and the different rates of interest to be applied, the error in the amount seems to be very small— too small, indeed, to render the deed void.

The plaintiff assails the tax deed chiefly upon the ground that the consideration named in the deed is greatly in excess of the amount of taxes, interest and costs due at the date the deed was executed. This has not been shown. It is true that several separate tracts are conveyed by the deed, and it does not recite the amount of the consideration of each tract separately. This absence of recitals, however, does not render the deed void. It is only necessary that the recitals show facts from which such consideration can be ascertained.

The presumption is that the subsequent taxes were paid when by law they became due and payable, and when this presumption is added to the face of the deed it furnishes all the data necessary for determining its validity. When a computation is made upon this basis the error in computation, if any exists, is too small to be regarded as substantial, and the deed should be upheld.

The judgment of the district court is affirmed.