Porter v. Beaty.

---

No. 18,709.

JAMES PORTER, *Appellant,* v. ALVIN R. BEATY, *Appellee.*

SYLLABUS BY THE COURT.

TAX DEED—*On Record Five Years—Interpretation—Presumptions.* In a tax deed which has been of record more than five years there was a recital that the certificate of sale was assigned by the purchaser to "C. S. Hinchman, Trustee for the Western Loan Association," and in the granting clause there was a recital that the certificate was presented by and the land conveyed to "said C. S. Hinchman, Trustee for The Western Land Association." *Held,* under the rule of interpretation applicable where a deed has been of record more than five years, that presumptively the names mentioned in the deed represent the same party and that the property was conveyed to the assignee of the certificate of sale. *Held,* further, that the deed sufficiently shows that a separate certificate was issued for each tract sold and also the amount for which each tract was conveyed, and also that the total of the amounts shown to be due for taxes, interest and costs substantially conformed with the aggregate consideration named in the deed.

Appeal from Grant district court; WILLIAM H. THOMPSON, judge. Opinion filed March 7, 1914. Affirmed.

*William B. Hess,* of Pratt, for the appellant.

*H. O. Trinkle,* of Garden City, for the appellee.

The opinion of the court was delivered by

JOHNSTON, C. J.: The ownership of a quarter section of land in Grant county is the subject of controversy in this action. James Porter holds the original patent title, and also claims under a tax deed issued to his grantor on September 17, 1900. Alvin R. Beaty claims title to the land under a tax deed executed September 5, 1896. Porter has never been in possession of the land, while Beaty took and has held the possession of the same since December 28, 1902. The trial court decided that Beaty was the owner of the tract by virtue of his tax deed, which had been of record since 1896 and which was held to be valid upon its face.

The tax deed upon which Porter made his claim was invalid upon its face, and, besides, he had not taken possession of the land within two years after the deed was recorded, and in fact never has had possession of the land.

The real controversy between the parties arises over the validity of Beaty's tax deed issued in 1896. If it is valid on its face the five-year statute of limitations extinguishes the original title under which Porter now claims. Appellant contends that several tracts were sold, and that the recitals in the deed fail to show that a separate certificate was issued for each tract sold. In one part of the deed the issuance of a certificate of sale is spoken of, but elsewhere in the instrument it plainly appears that a certificate was issued for each tract, that these were duly assigned, and that prior to the execution of the deed they were presented to the

county clerk. The entire instrument sufficiently shows that a certificate was issued for each tract sold. (*Downer v. Schmidt,* 85 Kan. 513, 117 Pac. 1013.)

Another objection to the deed is that it fails to show an assignment from the one who purchased at the tax sale to the grantee in the deed. It recites that a sale was made to C. N. Beal, and that is followed by a recital that:

"Whereas, the said C. N. Beal, did, on the 28th day of September, A. D. 1892 duly assign the several certificates of the sale of the said several parcels, tracts and lots of property aforesaid and all his rights, title and interest to said property to C. S. Hinchman, Trustee for the Western Loan Association."

In the granting clause there is a recital that the county clerk, on the payment of the consideration and the presentation of the certificates, did grant, bargain and sell the lands to "said C. S. Hinchman, Trustee for The Western Land Association." A reading of these names in the deed, which corresponds closely, suggests to any one that they represent the same party, and that a clerical error was made in writing "Loan" for "Land." The deed has been on record for more than five years, and every reasonable presumption is to be indulged in favor of its validity. No testimony was offered to show that these were distinct companies, nor anything to overcome the presumption that the names represent the same party. In each recital "C. S. Hinchman, Trustee," was named, so that the same individual who obtained the assignment and presented the certificates to the county clerk received the deed. In each case he was named as trustee, and of course it will be presumed that he had duly executed his trust. The deed itself expressly treats them as the same party where, in the second recital, it refers to *"said* C. S. Hinchman, Trustee," etc., and under the rule of interpretation applicable where a deed has been of record more than five years it must be held that an assign-

ment of the certificates had been made to the grantee. An illustration of the liberal interpretation placed on instruments of this kind is *Neenan v. White,* 50 Kan. 639, 32 Pac. 381. There a certificate was assigned to Gard and there was a recital that Fisher, an administrator, reassigned it to the grantee in the deed, but there was no statement as to what estate Fisher was administering. The court, in order to sustain the deed, which was more than five years old, inferred that Gard had died, that Fisher had been appointed as administrator of his estate, and that the probate court had authorized the assignment of the certificate by Fisher. In *Taylor v. Danley,* 83 Kan. 646, 112 Pac. 595, it was held that a deed issued to "Wheeler & Motter" was not void for lack of identification, nor because of an ambiguity in the name of the grantee. It was ruled that in such cases grantees may be identified by evidence *aliunde* the deed, and that therefore such a deed is, at most, only voidable, and therefore may be cured by lapse of time after it is placed on record. (See, also, *Baughman v. Harvey,* 76 Kan. 767, 93 Pac. 146; *Rynearson v. Conn,* 77 Kan. 160, 94 Pac. 205; *Robert v. Gibson,* 79 Kan. 344, 99 Pac. 595.)

There is an objection that the deed does not indicate the consideration for which each tract was sold. This is based on the fact that the deed fails to show the amount of the subsequent taxes paid in the years 1892 and 1893. It does show that the property was sold for the taxes of 1891, and also the sum for which each tract was sold. As no taxes were paid by the purchaser or his assignee for the years 1892 and 1893 the amounts of the same would not enter into the consideration of the deed. At this time it may be presumed that the owner of the fee title may have paid the taxes for those years. The sums for which each tract was sold being stated as well as the subsequent taxes paid on each by the holder of the certificates, the amount for which each must have been conveyed may therefore be definitely

Porter v. Beaty.

ascertained. The aggregate consideration is the sum of all the items mentioned, including the costs. The contention that the aggregate exceeds the taxes, interest and costs up to the execution of the deed can not be sustained. It is based on the fact that the rate of interest was changed in 1893 from twenty-four per cent to fifteen per cent, but, as we have seen, the sale was made in 1891 when the rate was twenty-four per cent, and on a sale made prior to the amendment of the statute that is the governing rate. A reference is made to the headnote of *Robertson v. Lombard,* 73 Kan. 779, 85 Pac. 528, which seems to sanction the view that the rate in force when the subsequent taxes are paid applies rather than the one in force when the sale is made. This headnote to the *per curiam* opinion was prepared by the reporter and does not conform to the opinion, which specifically holds that the change of the law did not affect the rate of interest. (See, also, *Volger v. Stark,* 75 Kan. 831, 89 Pac. 653.) A computation at the rate of twenty-four per cent, when all items are included, is within thirteen cents of the consideration named in the deed. This nominal excess, although it may be accounted for in a number of ways, would not in any view destroy the validity of the deed. (*Ireland v. George,* 41 Kan. 751, 21 Pac. 776; *Troyer v. Beedy,* 79 Kan. 502, 503, 100 Pac. 476; *Gibson v. Garst,* 81 Kan. 741, 107 Pac. 40.)

The judgment of the district court is affirmed.